

David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                    PLAINTIFF

VS.                    Case _____ **CV22    0546**    SK



EMILY REBÔLO, D.B.A. "ENCLAVE EMILY,"
TRYSTEN BURGER, D.B.A. "ECHO WILDER,"               DEFENDANTS
ALPHABET, INC., AND YOUTUBE, LLC

## COMPLAINT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following complaint

to the Court for the tort of copyright infringement.

### JURISDICTION AND VENUE

1.        This court has federal question subject-matter jurisdiction pursuant to Title 17 of the

US Code.

2.        This court has personal jurisdiction over Emily Rebôlo because she lives outside the

United States. When she issued her DMCA Counter-Notification, she agreed to the jurisdiction

of the district where the host website is located. The host website in question was

www.youtube.com, and that website is headquartered in Menlo Park, CA, which is part of the

Northern District of California.

3.        This Court has long-arm jurisdiction over Trysten Burger because they are both being

sued for acts taken as a collective unit. They are actively working as part of a group who are

Complaint

collectively engaging in targeted harassment, doxxing, and dogpiling against me out of pure malice and spite. The two defendants in the instant case are far from the only people involved in this collective attack against me; they are simply the only two so far who have filed DMCA Counter-Notifications. As such, Trysten Burger deserves to be listed as a co-defendant in this case (thus granting this Court long-arm jurisdiction) for the same reason it has long-arm jurisdiction over Frederick Allison in the currently ongoing case of Stebbins v. Polano 4:21-cv-04184-JSW (henceforth known as "the sister case").

## FACTS OF THE CASE

4.      The following facts are needed to understand the case:

### Identities of the Parties

5.      I am a Youtube channel owner and streamer on Twitch. On both channels, I go by the psuedonym "Acerthorn." You can find my Youtube channel at www.youtube.com/acerthorn and my twitch channel at www.twitch.tv/acerthorn.

6.      Trysten Burger is an individual who runs a Youtube channel and goes by the psuedonym "Echo Wilder," and prefers to be referred to using they/them pronouns. Their Youtube channel can be found at https://www.youtube.com/channel/UCRJkNEwBJYAFKzniYTl8fPw, and they can be served at the following address:

214 4th ave apt 7
International Falls, MN 56649

7.      Emily Rebôlo is a Portugese youtuber who goes by the psuedonym "Enclave Emily," and prefers to go by she/her pronouns. Her YouTube channel can be found at

Complaint

https://www.youtube.com/channel/UCRJkNEwBJYAFKzniYTl8fPw, and she can be served at
the following address:

Rua da Ilha, 10<br>
3000-214 Coimbra<br>
Portugal

8.        Finally, Alphabet, Inc. is the parent company of Youtube, LLC, and Youtube LLC

owns and operates the eponymous website, which is the largest video-sharing website in the

world, both in terms of viewer base and frequency of video content submissions to their site.

Both are being included as nominal defendants in this case under 17 USC § 512(j). They can

both be served at the following registered agent:

Corporation Service Company<br>
2710 Gateway Oaks Drive,<br>
Suite 150N<br>
Sacramento, CA 95833

**Plaintiff's Copyrighted Works.**

9.        The following table outlines all works that are copyrighted by me and are relevant to

this case. All of these copyrights are registered.

| # | Type of Creative Work | Description of Copyrighted Work | Effective Date of Registration |
|---|---|---|---|
| 1 | Livestream | A livestream performed on April 10, 2021 without me realizing until over an hour later that I was in fact streaming. | 05/26/21 |
| 2 | Livestream | A collaborative livestream performed on April 18, 2021 alongside a Swiss streamer named Karl Polano. Polano and I are co-authors of this stream. | 09/14/21 |
| 3 | Livestream | A livestream performed on December 18, 2021 along with a Youtube channel owner who goes by the psuedonym "Skibbidy Dibbity." I do not know this man's real name. | 12/22/21 |

Complaint

| 4 | Video | A video, less than 1 minute long, that went on my Youtube channel that was called "Corrections Series is Cancelled, and Here's Why." | 12/11/21 |
|---|---|---|---|
| 5 | 2D Graphic | The artwork I use for my Youtube channel from December 2021 to the present. It was created entirely by me using MS Paint and some other graphics software. | 12/09/21 |
| 6 | 2D Graphic | A circular image that I use as my channel's icon. | 12/09/21 |
| 7 | 2D Graphic | An image, shaped like an octagon, that I place in my videos and their corresponding thumbnails. | 12/09/21 |
| 8 | 2D Graphic | An image, shaped like a hexagon, that I place in my videos and their corresponding thumbnails. | 12/09/21 |
| 9 | 2D Graphic | An image, shaped like a 5-point star, that I place in my videos and their corresponding thumbnails. | 12/09/21 |
| 10 | 2D Graphic | An image, shaped like a 6-point star, that I place in my videos and their corresponding thumbnails. | 12/09/21 |
| 11 | 2D Graphic | An image, shaped like a pentagon, that I place in my videos and their corresponding thumbnails. | 12/09/21 |
| 12 | 2D Graphic | An image, shaped like a diamond, that I place in my videos and their corresponding thumbnails. | 12/09/21 |
| 13 | 2D Graphic | An image, shaped like an oval with a diamond overlapping it, that I place in my videos and their corresponding thumbnails. | 12/09/21 |

10.      Please note that this is not an exhaustive list of every copyright owned by me. It is

only a list of the copyrighted works whose infringement I am suing over in this instant case. All

of these works are registered, and their registration predates the defendants' infringements.

### The sister case

11.      I am currently involved in active litigation against three individual defendants named

Karl Polano, Raul Mateas, and Frederick Allison. The case number for that case is 4:21-cv-

04184-JSW. In that case, I argue that the individual defendants should not be allowed to use the

affirmative defense of fair use, in part because their entire motive for infringing on my copyright

in the first place was merely to harass me, dox me, and dogpile me out of pure hatred, malice,

and spite. For this reason, I argued that their videos should automatically not be considered fair use, even if those same videos could be considered fair use under otherwise identical circumstances, owing to the common law doctrines of "abuse of rights" and "unclean hands."

12.     As we are about to see, a reasonable person could consider this case to be a natural extension of the ongoing harassment, doxxing, and dogpiling that the individual defendants in that case have inflicted upon me. For this reason, I will refer to that case as simply "the sister case" from here on out, since these two cases are so heavily intertwined. Also for this reason, the court may (or may not) find it prudent and in the best interests of judicial economy to either merge this case with the sister case, or to stay proceedings in this case pending resolution of the sister case.

13.     I am indifferent to whether or not the court chooses to do either or neither of those things. I am filing this complaint because the defendants have issued DMCA Counter-Notifications. If I do not file this complaint within ten business days, the infringing videos will be reinstated. I am filing this lawsuit to protect against that reinstatement.

### "Acerthorn Pinata Bashing" thread

14.     Before we move onto the infringement, this needs to be said. There is another Youtuber who goes by the psuedonym "Creetosis." He owns a Discord server called "The Owl Server," which you can access here: https://discord.gg/ZbyY2Vf. In that server, there is a thread called "Acerthorn Pinata Bashing," or APB for short. As the name would suggest, this thread is dedicated exclusively to harassing, doxxing, and dogpiling me out of pure malice and spite. Those participating in APB are constantly searching my entire life's worth of personal history and sharing it with each other (an act known as "doxxing" in Internet terms), including my

medical records, information regarding a crime I was charged with over a decade ago where I wasn't even convicted, and even finding numerous porn websites and dating websites where users have psuedonyms similar to my own so they can speculate as to what sort of "kinky" stuff I may or may not be interested in in the bedroom. They are also constantly monitoring my social media activities like vultures, looking for anything they can find, literally any sentence I might say or a single twitch of my eyebrows that I might do on camera, that would give them more ammunition to use in their never-ending effort to harass, dox, and dogpile me. There is no legitimate motive for anyone who participates in APB, just pure hatred, pure malice, pure spite.

15.     Karl Polano and Frederick Allison (two of the three individual defendants in the sister case) have joined APB since late November of 2021. Prior to them participating in APB, it was primarily dedicated to criticizing my Youtube videos, but nothing more. However, once Polano and Allison came in, they began circulating numerous bits of my personal information, such as the content described above. Once they began doing that, many other people joined in (an Internet phenomenon known as "dogpiling") until it ceased to be about legitimate criticism of my Youtube videos and became nothing but harassment and doxxing against me.

16.     The defendants in the instant case participate regularly in APB. Admittedly, Trysten Burger participates less frequently than Emily Rebôlo, but both are regular participants. As a result, I believe their actions should constitute bad faith and malice, which should nullify any affirmative defenses (including fair use) they may have to copyright infringement, according to the legal doctrines of "abuse of rights" and "unclean hands."

**Defendants' Infringements**

17.     Of all the copyrighted works I listed in ¶ 8 of this Complaint, Work #1 (the livestream

from April 10, 2021 that happened by accident) requires payment on my Youtube channel of at least $20 per month to be allowed to view. However, Allison and Polano have posted clips of that stream on APB, allowing everyone participating in that thread – including the two defendants in this case – to see it without paying. The defendants in this case have both viewed these clips without paying my fee. This illegal viewing constitutes the first count of copyright infringement.

18.     On January 5, 2021, Trysten Burger uploaded a video to their Youtube channel. If that video were still up, it could be found here: http://www.youtube.com/watch?v=o1vMcyI9B8M

19.     In that video, Burger used a great portion of Copyrighted Work #4 listed above ("Corrections Series is Canceled, and Here's Why"). They used the "heart" of that video. Also, they permitted other APB-participants to engage in the kind of harassment, doxxing, and dogpiling that occurred in APB in their video's comment section, causing this video to become just as much bad faith and malicious as APB.

20.     On January 17, 2021, Emily Rebôlo uploaded a video to her Youtube channel which repeatedly copied excerpts from Copyrighted Works Nos. 2-3 and Nos. 5-13. If that video were still up, it could be found here: http://www.youtube.com/watch?v=o08YPDNQ2yk

21.     It is also worth noting that, all throughout that video, she used information from my personal history that she only learned from her participation in APB. Of the 22 minute video, only about 2 minutes were spent actually criticizing my videos and streams. The remaining 20 minutes was spent doxxing me. In this respect, her participation in APB can be said to be the proximate cause of that video's creation; but for her participation, approximately 90% of that video would not have existed.

22.     DMCA Counter-Notifications were issued against the infringing videos mentioned in

Complaint

¶¶ 17 and 19. So I must file suit in order to keep them from being reinstated.

## APPLICABLE LAW

23.      "[T]here are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying by the defendant." See Hustler Magazine, Inc. v. Moral Majority, Inc., 796 F. 2d 1148, 1151 (9th Cir. 1986). I have sufficiently alleged the first factor in ¶¶ 8-9 of this Complaint. I have sufficiently alleged the second element in ¶¶ 16-20 of this Complaint.

24.      In the case of Stebbins v. Polnao, the Court explained that I do not need to address the affirmative defense of fair use at the pleading stage. However, there is still one thing I feel compelled to address. I expect the defendants will claim fair use as an affirmative defense. However, I believe they should be precluded from using that, or any other, affirmative defense, owing to the common law doctrines of "abuse of rights" and/or "unclean hands." Either one should be sufficient as a counter-defense, not just to fair use, but to any affirmative defenses, including copyright misuse and anti-SLAPP laws.

## INJUNCTIONS & DAMAGES

25.      In light of these torts, I request the following relief:

26.      First, I seek an injunction ordering the individual defendants to cease and desist their infringing behavior, on all websites (not just Youtube). This includes any videos they believe to be fair use, since any future videos they upload about me would necessarily not be fair use due to the aforementioned counter-defenses of abuse of rights and unclean hands.

27.      As nominal defendants, I ask that Alphabet, Inc. and Youtube, LLC both be ordered, pursuant 17 USC § 512(j), to do all of the following …

(a)      Permanently remove all videos on their website by the individual defendants which constitute a prima facie infringement of my copyrights, pursuant to § 512(j)(1)(A)(i);

(b)      Permanently terminate the individual defendants accounts, pursuant to § 512(j)(A)(ii)[1];

(c)      To take steps, pursuant to § 512(j)(1)(A)(iii), to ensure that the individual defendants are never again allowed to create any other accounts or channels so that they may recommence their infringing activity;

(d)      To promptly remove any present or future content on their sites that either either (i) constitutes a prima facie infringement of my copyright, even if that copyright is not registered, or (ii) I reasonably believe (provided that I inform them in writing of said belief) to be a continuation of the individual defendants' efforts to harass and dox me, even if it does not contain any prima facie copyright infringement, and even if a new Youtuber is posting the harassing content;

(e)      To immediately and permanently terminate any accounts who have content taken down pursuant to sub-paragraph (d) after only a single infringement, without regard to Youtube's traditional "three strikes" policy. After all, just like with the individual defendants in this case acting in furtherance of the agenda of harassment and doxxing mentioned in the sister case, if anyone else takes up this mantle, will still constitute "repeat infringement" for the same reasons I describe in Footnote #1.

28.      I also ask that Trysten Burger be ordered to pay me statutory damages of up to

---

1   Even though these particular individual defendants only infringed a few times, any reasonable person could tell that their actions constitute little more than a continuation of the harassment, doxxing, and dogpiling that I am suing over in the sister case. Therefore, they should be regarded as "repeat infringers," since the actions of that group as a whole constitute repeat infringement

Complaint

$300,000 for two separate counts of infringement: $150,000 for the unlawful viewing of my clips as described in ¶ 16 and another $150,000 for the use of my copyrighted Youtube video as described in ¶¶ 17-18.

29.       For Emily Rebôlo, her videos described in ¶¶ 19-21 have violated a total of eleven (11) of my copyrighted works. In addition to that, she is also guilty of the first count of infringement described in ¶ 16, making for a total of twelve (12) different copyrights which she infringed upon. I ask for statutory damages of up to $150,000 for each of these infringed copyrights, for a total of $1,800,000.

30.       This makes for a grand total of $2,100,000 in statutory damages for both individual defendants.

31.       Lastly, I ask for a declaration from the court that the individual defendants' actions were willful and malicious. For Burger, this would prevent them from discharging the debt in bankruptcy because of the exception listed in 11 USC § 523(a)(6). For Emily Rebôlo, it may similarly prevent a discharge if Portugese law has a similar provision in its bankruptcy code.

## CONCLUSION

32.       In conclusion, I have but one modest and simple request: Not to be harassed, doxxed, or dogpiled, especially for stuff that may or may not have happened years ago that have next to no relevance on the quality of my videos or streams. But apparently that is too much to ask for a lot of people. The creation of an entire community within a Discord server dedicated solely to harassing, doxxing, and dogpiling me, and inciting others to do the same is, to put it mildly, entirely unconscionable, and since the defendants have willingly participated in APB, they should lose any rights they otherwise would have when infringing on my copyright.

Complaint

33.      Wherefore, premises considered, I respectfully ask that the Court award me

prospective injunctive and declaratory relief, statutory damages, award costs incurred, and any

other relief to which I may be entitled.

So requested on this, the 25th day of January, 2021.


David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

Complaint