FILED

JAN 27 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,
Plaintiff,

v.

EMILY REBOLO,
Defendant.

Case No. 22-cv-00546-SK

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Sallie Kim . When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Plaintiffs or removing parties must file a consent or declination to proceed before a magistrate judge within 14 days of the filing of the complaint or the removal. All other parties must file a consent or declination within 14 days of appearing in the case. All parties who have made an appearance must file a consent or declination within 7 days of the filing of a dispositive motion or the case will be reassigned to a district court judge. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at http://www.cand.uscourts.gov/adr. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties

United States District Court
Northern District of California

the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California", additional copies of which can be downloaded from the court's Internet website: http://www.cand.uscourts.gov.

| CASE SCHEDULE – ADR MULTI-OPTION PROGRAM | | |
|---|---|---|
| **Date** | **Event** | **Governing Rule** |
| 1/27/2022 | Complaint Filed | |
| 4/11/2022 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| 4/25/2022 | **Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br>(also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 5/2/2022 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 1:30 PM in:<br>Courtroom C, 15th Floor<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Civil L.R . 16-10 |

* If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 21 days in advance of the Initial Case Management Conference.

** If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 7 days in advance of the Initial Case Management Conference.

United States District Court
Northern District of California

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**STANDING ORDER FOR PATENT CASES**

*(Effective April 18, 2017)*

The following instructions shall apply to all patent cases assigned to Magistrate Judge Sallie Kim.

Joint Claim Construction Statement

1. The initial joint claim construction statement required by Patent Local Rule 4-3 shall be truly joint. Disputed terms, phrases, and clauses shall be designated as disputed. All other terms shall be presumed undisputed. For any term in dispute, the parties must agree on the identity of the term. With regard to disputed terms, phrases, or clauses, the joint statement shall list each disputed term, phrase, or clause (listed by claim); each party's proposed construction; and support for each party's proposed construction in table format.

2. Parties shall attach to the joint claim construction statement copies of all patents in dispute.

Claim Construction

3. As an initial matter, the Court will construe no more than ten terms. If more than ten terms are at issue, the parties shall meet and confer before the preparation of the joint claim construction statement on narrowing the selection of terms to be construed by the Court and shall jointly propose the ten terms requiring construction.

4. If a party genuinely believes construing more than ten terms is necessary, that party may request leave to designate additional terms for construction, pursuant to Civil Local Rule 7-11(b). The requesting party must demonstrate good cause and explain why other methods of limiting the claims at issue (such as the selection of representative claims or any grouping of

United States District Court
Northern District of California

claims by issues presented) would be ineffective. The request must be filed no later than two weeks before the deadline for filing the joint claim construction statement. If good cause is shown, the Court will either agree to construe all terms or schedule a second claim construction proceeding on the excess terms.

5. Claim construction briefs shall address each disputed term, but only those that are truly disputed, following the order of the joint statement. The opening and opposition briefs shall not exceed 25 pages; the reply brief shall not exceed 15 pages. The Court anticipates that the parties will meet and confer before preparing the joint claim construction statement and that such a process will obviate the need for a party to propose in its briefs a claim construction that differs from that proposed in the statement. While the Court encourages the parties to negotiate mutually agreeable constructions, the Court discourages the parties from proposing new constructions for the first time in reply briefs or other filings which do not afford the opposing party an opportunity to respond. However, if it becomes necessary for a party to propose a construction that is different from the one found in the joint claim construction statement, that party must clearly set forth the new construction and explain the basis for the change. Additionally, that party shall revise the joint claim construction statement, so that the Court will have one document reflecting all current proposed constructions.

6. If there have been changes since the joint claim construction statement was filed, the parties shall file an amended, final joint claim construction statement, including only the remaining disputed terms, phrases, and clauses at the time when the reply brief is filed.

<u>Tutorial and Claim Construction Hearing</u>

7. The Court will schedule a tutorial to occur one week prior to the claim construction hearing. The purpose of the tutorial is for the parties to inform and educate the Court about the technology involved in the case. Each side will be permitted 45-60 minutes to present a short summary and explanation of the technology at issue. The Court encourages counsel to meet and confer and, if possible, to present a joint tutorial. If the parties cannot agree on a joint presentation, then the patent holder makes the first presentation. Visual aids are encouraged. The Court strongly prefers that someone other than counsel make the presentation. Counsel will be

permitted to make opening remarks and then a brief summation following the presentation. No argument will be permitted. The proceeding is not recorded, and the parties may not rely on statements made at the tutorial in other aspects of the litigation.

8. Depending on the technology involved, the Court may determine that the assistance of a neutral expert would be helpful. In such an instance, the Court may direct the parties to confer and, if possible, reach an agreement as to three experts in the field who would be appropriate to act as a neutral expert to assist the Court during the claim construction proceedings and/or the trial. The Court will then choose one to appoint as a neutral expert pursuant to Federal Rule of Evidence 706. In such a situation, the parties will split the cost of the expert equally.

9. The Court generally does not conduct prehearing conferences. However, either party may request a telephone conference two weeks prior to the hearing, or the parties may address any prehearing issues at the tutorial, if any.

10. The patent holder will act as the moving party for the purposes of claim construction. Opening briefs in support of claim construction must be filed at least six weeks before the date of the claim construction hearing, and the briefing schedule set forth at Patent Local Rule 4-5 will apply.

11. The Court will not ordinarily hear extrinsic evidence at the claim construction hearing. Should it become apparent that testimony will be necessary, counsel may submit a request within two weeks of the hearing to seek the Court's prior approval for such a request.

12. Demonstrative exhibits and visual aids are permissible at the hearing as long as they are based on information contained in the papers already filed. Counsel shall exchange copies of exhibits no later than forty-eight hours prior to the hearing.

13. The claim construction hearing generally will be scheduled for no longer than two hours. The Court will set the hearing date at the initial case management conference.

Subsequent Case Management Report

14. Within thirty days of the filing of the claim construction ruling, the parties shall file a further joint case management status report. In that report, the parties must address the following topics:

        a) whether either party wishes to certify the claim construction ruling for immediate appeal to the Federal Circuit;

b) the filing of dispositive motions and timing of those motions;

c) if willful infringement has been asserted, whether the allegedly-infringing party wishes to rely on the advice of counsel defense. If so, the parties should be prepared to address proposals for resolving any attorney-client privilege issues that arise, and whether the parties believe bifurcation of the trial into liability and damages phases would be appropriate;

d) anticipated post-claim construction discovery;

e) any other pretrial matters; and

f) the progress of settlement discussions, if any.

The Court will review the report and, if necessary, schedule a further case management conference and enter any appropriate orders.

Miscellaneous

15. All stipulated protective orders and filings shall comply with Civil Local Rule 79-5. Any party who submits a request to file under seal pursuant to Civil Local Rule 79-5 shall include a statement to inform the Court: (1) whether the document, or portion thereof, has been the subject of a previous request to file under seal; and (2) if so, provide the docket numbers of the request and order on the request, and describe whether the request was granted or denied. Parties shall also submit a complete unredacted chambers copy of any brief or supporting papers lodged under seal with all confidential material highlighted.

16. The Court strongly encourages parties to permit less experienced lawyers to have an important role in hearings and at trial. The Court will extend the time limits for an associate with fewer than five years.

**IT IS SO ORDERED.**

Dated: April 18, 2017

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

United States District Court
Northern District of California

**ATTACHMENT A**

Model Joint Claim Construction Statement

| Claim Language (Disputed Terms in **Bold**) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 1. A method for counting wild **ducks**, comprising the steps of . . . ('123 Patent, Claims 1 & 2)<br><br>[or]<br><br>**ducks**<br><br>Found in:<br>'123 Patent, Claims 1, 2<br>'456 Patent, Claims 1, 8 | PROPOSED CONSTRUCTION:<br>birds that quack<br><br>INTRINSIC EVIDENCE:<br>'123 Patent col. 5:8 ("distinctive honking"); Response to Office Action, 4/15/09, at 3 ("This patent is distinguished from the prior art in that the quacking of the bird is featured").<br><br>DICTIONARY/TREATISE DEFINITIONS: Webster's Dictionary ("duck: bird that quacks"); Field Guide ("bird call: quack");<br><br>EXTRINSIC EVIDENCE:<br>McDonald Dep. at 12:10 ("I'd say the quacking makes it a duck"); '456 Patent at col. 9:4; Donald Decl. ¶ 6. | PROPOSED CONSTRUCTION:<br>birds that swim<br><br>INTRINSIC EVIDENCE:<br>'123 Patent col 5:10 ("ducks may be found on or near bodies of water"); Response to Office Action, 4/15/09, at 4 ("water fowl are particularly amenable to being counted by this method").<br><br>DICTIONARY/TREATISE DEFINITIONS: Random House Dictionary ("An aquatic bird"); Field Guide (same)<br><br>EXTRINSIC EVIDENCE:<br>Marx Dep. at xx:xx ("like a duck to water"); '456 Patent at col. 1:38; Daffy Decl. at ¶ 7. |

(Or any other substantially similar format that permits the court to compare terms side by side.)

NOT:

| Claim Language (Disputed Terms in **Bold**) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 1. A method for counting **wild ducks**, comprising the steps of . . . | **ducks**<br>. . .<br>birds that quack<br><br>. . . | **wild ducks**<br>. . .<br>birds that quack and have never lived in captivity<br>. . . |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**STANDING ORDER FOR**

**MAGISTRATE JUDGE SALLIE KIM**

*(Effective July 11, 2019)*

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at *http://www.cand.uscourts.gov*. The parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

**CALENDAR DATES AND SCHEDULING**

Motions are heard each Monday: civil motions at 9:30 a.m. and criminal motions at 11:00 a.m. During the months when Judge Kim is on criminal duty, the Court may move any civil motion to 11:00 a.m. Civil case management and status conferences are heard on Mondays at 1:30 p.m. Pretrial conferences are held on Fridays at 1:30 p.m. and trials will begin at 8:30 a.m. on Tuesdays.

Parties should notice motions pursuant to the local rules. Parties need not reserve a hearing date, but should confirm the Court's availability by viewing the scheduling notes for Judge Kim on the Northern District of California website at http://www.cand.uscourts.gov. The Court may reset hearing dates as the Court's calendar requires. For scheduling questions, please contact Judge Kim's courtroom deputy, Melinda Lozenski at skcrd@cand.uscourts.gov or (415) 522-4158.

United States District Court
Northern District of California

## CONSENT CASES

In civil cases randomly assigned to Judge Kim for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes or their written declination of consent as soon as possible, and in no event later than the deadlines specified in Civil L.R. 73-1(a)(1) and (2).

## CHAMBERS COPIES AND PROPOSED ORDERS

Under Civil L.R. 5-1 and 5-2, parties must lodge an extra paper copy of any filing, with the exception of the written consent/declination to the assignment of a United States Magistrate Judge. All chambers copies should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. All exhibits shall be clearly separated by tabs. Chambers copies must be marked "Chambers Copy" and submitted to the Clerk's Office in an envelope clearly marked "Magistrate Judge Sallie Kim," and include the case number on the envelope. The chambers copies must be mailed or delivered to chambers according to the deadlines set forth in Civil Local Rule 5-1(e)(7).

Any stipulation or proposed order in a case subject to e-filing should be submitted by email to skpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the Court.

## MOTIONS FOR SUMMARY JUDGMENT

Absent of a showing of good cause, the Court will address only one motion for summary judgment per side. Separate statements of undisputed facts will not be considered by the Court. Joint statements of undisputed facts are not required, but are helpful if completely agreed upon. If parties submit excerpts of deposition transcripts in support of or opposition to a motion for summary judgment, they shall highlight the relevant portions for ease of reference.

## CIVIL CASE MANAGEMENT

No later than seven (7) days prior to the any scheduled case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Northern District of California's General Standing Order for civil cases entitled "Contents of



United States District Court
Northern District of California

Joint Case Management Statement." The parties shall appropriately caption their filing to read: "Initial Joint Case Management Statement" or "Further Joint Case Management Statement" as appropriate. In cases involving *pro se* litigants, the parties may file separate case management statements.

Parties may not stipulate to continue a case management, status, or pretrial conference without Court approval. Each party shall be represented in person at the Case Management Conference by lead trial counsel (or a party if *pro se*), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's General Standing Order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order. Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two (2) weeks in advance of the hearing, if the Court determines that good cause exists to excuse personal attendance and that personal attendance is not needed in order to have an effective conference. The facts establishing good cause must be set forth in the request. If the Court grants a party's request for telephonic appearance, the party shall arrange for the appearance by calling **CourtCall at (888) 882-6878** not later than **3:00 p.m.** the court day prior to the hearing date.

All motion hearings, case management, status and pretrial conferences are audio recorded. They are not reported by a court reporter unless counsel requests a court reporter in advance.

## CIVIL DISCOVERY

Parties shall propound disclosures and discovery in accordance with Federal Rules of Civil Procedure 26 through 37 and the corresponding Civil Local Rules for the Northern District of California. A copy of the Local Rules is available at the Clerk's Office and at the Court's website (http://www.cand.uscourts.gov). No exceptions to the limitations established in the Federal and Local Rules shall be permitted except pursuant to stipulation of the parties or order of the Court.

If parties believe a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/stipprotectorder). Parties shall file one of the following with their proposed protective order: (a) a declaration stating

United States District Court
Northern District of California

that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.

Meet and confer requirement for discovery disputes. As an initial matter, the parties must comply with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery (available at http://cand.uscourts.gov/professional_conduct_guidelines). Prior to filing any discovery-related letter, lead trial counsel for all parties shall meet and confer in person, or telephonically if an in-person conference is not feasible, regarding the discovery dispute(s) in an effort to resolve these matter(s). If unable to resolve all disputes through this procedure, the party seeking Court intervention may file an appropriate joint letter. Upon receipt of the filing, the Court may order the parties to further meet and confer if the nature of the dispute is such that it should be resolved without court intervention.

In the rare event that the parties are unable to meet and confer as directed above, or a moving party is unable to obtain the opposing party's portion of a joint letter after the meet and confer session, the moving party shall file a written request for a telephonic conference for the purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an alternative procedure. The written request shall include a declaration which states any attempt to meet and confer and/or obtain the joint letter, the reasons for the inability to comply with the standing order, and (if possible) three dates and times at which all parties are available for a telephonic conference. The moving party may attach exhibits to the declaration, but the declaration and exhibits combined may not exceed seven pages. The Court will not excuse a party from the requisite in-person or telephonic meeting unless good cause is shown.

Joint Letter. After meeting and conferring as set forth above, the parties shall draft and file a jointly signed letter within five (5) business days of the lead trial counsels' meet and confer session that contains the following:

United States District Court
Northern District of California

(a) A cover page with the case caption and an attestation that the parties met and conferred in person or telephonically before filing the letter, complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing the joint letter, as well as the signature of both parties or counsel;

(b) A section which sets forth the unresolved dispute and any pertinent factual background, including relevant case management deadlines such as discovery cut-off, pretrial conference and trial dates; and

(c) With respect to each issue relating to the unresolved dispute, a detailed summary of each party's final substantive position and their final proposed compromise on each issue, including relevant legal authority. This process allows a side-by-side, stand-alone analysis of each disputed issue.

The joint letter shall not exceed eight (8) double-spaced pages, excluding the cover page, without leave of Court, and may not be accompanied by exhibits or affidavits other than exact copies of interrogatories, requests for production of documents and/or responses, privilege logs, and relevant deposition testimony. The joint letter must be e-filed under the Civil Events category of "Motions and Related Filings>Motions--General>Discovery Letter Brief." Upon receipt of the joint letter, the Court will determine what future proceedings are necessary.

All exhibits to motions and/or discovery dispute letters should be separately filed on ECF. For example, if the motion is Docket No. 30, and the declaration with ten exhibits is Docket No. 31, Exhibit A should be filed as Docket No. 31-1, Exhibit B should be Docket No. 31-2, and so on. All exhibits should be filed in a searchable OCR format where possible.

Document Responses. In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state, in a written response served on all other parties, the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

United States District Court
Northern District of California

United States District Court
Northern District of California

To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

Depositions. Counsel shall consult in advance with opposing counsel to schedule depositions at a mutually convenient time and location. Counsel and parties must comply with Fed.R.Civ.P. 30(d)(1). Speaking objections are prohibited. When privilege is claimed, the witness must answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of the communication, the speaker, and other people who were present to hear the communication, and the subject matter, unless such information is itself privileged.

In emergencies during discovery events (such as depositions), any party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-1(b) by contacting the Court through the courtroom deputy. Before calling, the parties must first send a short email describing the nature of the dispute to skcrd@cand.uscourts.gov. If the Court is unavailable, the discovery event shall proceed with objections noted for the record.

Discovery Hearings. In the event that a discovery hearing is ordered, the counsel shall appear *in person.* Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two (2) weeks in advance of the hearing should the Court determine that good cause exists to excuse personal attendance and that personal attendance is not needed in order to have an effective discovery hearing. The facts establishing good cause must be set forth in the request.

Privilege Logs. If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall promptly prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified. *See* Fed.R.Civ.P. 26(b)(5). The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

(a) The title and description of the document, including number of pages or Bates-number range;

(b) The subject matter addressed in the document;

(c) The identity and position of its author(s);

(d) The identity and position of all addressees and recipients;

(e) The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

(f) The steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; and

(g) The specific basis for the claim that the document is privileged or protected. Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

**MOTIONS TO SEAL**

Any party who submits a request to file under seal pursuant to Civil Local Rule 79-5 shall include a statement to inform the Court: (1) whether the document, or portion thereof, has been the subject of a previous request to file under seal; and (2) if so, provide the docket numbers of the request and order on the request, and describe whether the request was granted or denied. Parties shall also submit a complete unredacted chambers copy of any brief or supporting papers lodged under seal with all confidential material highlighted.

**LESS EXPERIENCED LAWYERS**

The Court strongly encourages parties to permit less experienced lawyers to have an important role in hearings and at trial. The Court will extend the time limits for an associate with fewer than five years.

**UNREPRESENTED (PRO SE) PARTIES**

Parties representing themselves should visit the link titled "Pro Se Litigants" on the Court's homepage, www.cand.uscourts.gov/proselitigants. This section includes the Court's Pro Se Handbook and discusses the Legal Help Center, a free service for

United States District Court
Northern District of California

unrepresented parties, where you can speak with an attorney who may be able to provide basic legal help but not representation.

**IT IS SO ORDERED.**

Dated: July 11, 2019

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.
2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.
3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.
4. Motions: All prior and pending motions, their current status, and any anticipated motions.
5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.
6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer*.
7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.
8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.
9. Class Actions: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.
10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.
11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

20. Professional Conduct: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.