David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                              PLAINTIFF

VS.                                         Case 3:22-cv-00546-SK

EMILY REBOLO, ET AL                                                              DEFENDANTS

**MOTION FOR LEAVE TO CONDUCT SERVICE OF
PROCESS BY EMAIL AS TO EMILY REBOLO**

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Leave to Conduct Service of Process on Emily Rebolo by email.

1. Defendant Trysten Burger lives in Minnesota. Nominal defendants Youtube LLC and Alphabet Inc. are both headquartered right here in the Northern District of California. Since I am seeking leave to proceed in forma pauperis, those defendants can be served with process using the U.S. Marshal, pursuant to Fed.R.Civ.P. 4(c)(3). I expect that to be a routine matter.

2. Emily Rebolo, however, is located in Portugal. Therefore, she must be served with process pursuant to Fed.R.Civ.P. 4(f). Normally, this means I would either need to go through the Hague Convention, or seek a Letters Rogatory.  However, Rule 4(f)(3) gives the court wide discretion to direct service of process by nearly any method it chooses, as long as that method is not expressly prohibited by international agreement.

3. I have previously contacted Rebolo on the Discord app and asked her if she would be

willing to accept service of process under Fed.R.Civ.P. 4(d). See **Exhibit A**. She has made it clear that she has no intention of even looking into the matter, let alone actually cooperating with me to reduce the costs of service of process. I personally interpret this message from Rebolo as a deliberate and malicious attempt to cause needless delay and needlessly increase the costs of the litigation out of pure spite, wanting to force me to use the slow and expensive Hague Convention, just because she *can*.

4. I ask the Court for leave to conduct service of process on Rebolo by emailing copies of the summons, operative complaint, this motion, and the order granting this motion to her email address of enclavemily@gmail.com. This is the email address she provided in her DMCA Counter-Notification (see **Exhibit B**), which means that sending email to that email address has a high probability of apprising her.

## Exhaustion of alternatives not required.

5. It is not mandatory that I exhaust all my conventional methods of service of process before seeking leave to conduct service of process by email. Rio Properties, Inc. v. Rio Intern. Interlink, 284 F. 3d 1007 (9th Cir. 2002) is the leading precedent in this circuit for service of process on foreign defendants using email, and it states …

> "[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant.
> …
> Courts ... cannot be blind to changes and advances in technology. No longer do we live in a world where communications are conducted solely by mail carried by fast sailing clipper ... ships. Electronic communication via satellite can and does provide instantaneous transmission of notice and information. No longer must


> process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut." See *id* at 1015-17 (citations omitted).

6. Indeed, seeking service by email in the first instance is not only allowed, but perhaps even preferred, given the current pandemic! See https://www.natlawreview.com/article/foreign-defendants-you-ve-got-mail-substitute-service-email-increasingly-permitted

> "Given current stay at home orders in many parts of the U.S. and in Europe, and the delays experienced with service abroad through Central Authorities, plaintiffs in the U.S. needing to serve foreign defendants should consider seeking the Court's authorization to serve by email ***in the first instance***" (emphasis added).

### Advantages of email service

7. For sure, service of process by email has many, many advantages over conventional service. It is costless[1]; it is instananeous[2]; and it has a very high probability of reaching the respondent's inbox in a way the respondant cannot simply refuse to receive[3]. At best, the email may get erroneously sent to the addressee's spam folder, but that still counts as him receiving it.

8. In Rio, *supra*, the 9th Circuit Court of Appeals cast some doubt on that last advantage, when they said "Despite our endorsement of service of process by email in this case, we are cognizant of its limitations. In most instances, there is no way to confirm receipt of an email message." See *id* at 1018. However, we must remember that this case was originally published

---

[1] unlike using the Hague Convention, where fees can easily be in the hundreds, if not thousands, of collars. See https://processnet1.com/portugal/ (charging $695 for formal service, which is the cheapest service they offer for Portugal).

[2] unlike the Hague Convention, which can often take months or even years. See https://www.haguelawblog.com/2019/06/things-take-longer-overseas-get-used-to-it/ ("The takeaway from all of those is: relax.  This is gonna take a while, and very often there's nothing you can do about it").

[3] unlike the Hague Convention, where the defendant can simply refuse to collect the papers in order to maliciously evade service of process (see case 4:21-cv-04184-JSW Stebbins v. Polano, **Docs. 101** and **102**) or where the Central authority can refuse to conduct service for any number of reasons or for no stated reason at all; see https://casetext.com/case/assisi-v-kuwait-fin-house ("The FTC attempted to serve the defendants through the Indian Central Authority in accordance with Rule 4(f)(1) and the Hague Convention. Id. The Indian Central Authority did not serve the defendants and did not respond to the FTC's status inquiries").

on March 20, 2002, nearly two whole decades ago (minus 51 days, as of the time of this motion's filing). The flaws in email technology have long since been ironed out. Nowadays, email as a means of communication has become so ubiquitous that it is practically a foregone conclusion that a person will have access to it. You are more likely to find someone who is literally illiterate than someone who is literate but without an email address. People in 2022 not only check their email multiple times per day, every day, but often do so on their pocket-sized smartphones which they carry with them almost everywhere they go.

9. Think about it this way: when you file a motion in an existing case, you are exempt from having to independently serve any other party who is registered to be notified electronically of any activity in that case, because it is presumed that they have already received said notice. See Local Rule 5-1(g)(1). This alone shows that this Court accepts email as a reliable means of apprising interested parties.

10. Indeed, many courts in recent years have started warming up to email as a viable means of serving process, especially on foreign defendants. See http://www.vikinglaw.us/2016/06/23/. See also https://www.haguelawblog.com/2018/08/twitter-service-hits-bigtime/. See also http://abtl.org/report/la/articles/David_Faud_abtl_Reprint.pdf. See also Group One Ltd. v. GTE GmbH, 523 F. Supp. 3d 323, 345 (E.D.N.Y. 2021) ("The current global pandemic provides further reason to find that service via email satisfies due process, as it is the most efficient method to accomplish service. Although emails may get lost in a defendant's spam folder, compared to postal mail, emails are more reliable").

11. Even *this very court* – the U.S. District Court for the Northern District of California – has

approved service of process by email and/or social media in the past for foreign defendants. See St. Francis Assisi v. Kuwait Fin. House, No. 3:16-CV-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (holding that service via Twitter was proper on defendant in Kuwait. A copy of this order can be viewed at the following URL: https://casetext.com/case/assisi-v-kuwait-fin-house).

### Rebolo's Bad Faith

12. If the Court needs one final argument in favor of granting this leave, consider this: As I said earlier, Rebolo has refused to make reasonable cooperation in avoiding unnecessary expense or delay in serving process on her. Bear in mind that, when refusing to consent to service under Rule 4(d), "'Good cause' does not include a belief that the lawsuit is groundless." See Rule 4 Committee Advisory Notes.

13. It is one thing to defiantly stand up for what you believe in good faith to be your right to fair use under American copyright law. It is another thing entirely to go out of your way to avoid quick and easy service of process in the malicious hope that the Plaintiff will never even get his day in court in the first place. If you are so confident that the lawsuit is meritless, then you should have nothing to fear for allowing the case to be adjudicated *on the merits*.

14. Because of Rebolo's declaration that she has no intention of providing even de minimus cooperation in ensuring a smooth and expeditious adjudication of this case, she is deserving of sanctions under Rule 4(d)(2) as well as Rule 11(b)(1). Since she is not in the United States, the court cannot order her to pay the costs of service of process, but the Court *can* order a wide variety of other sanctions. Granting me leave to serve process by email would be a perfect

sanction in this case, as it would allow me to serve Rebolo even more cheaply than if I pursued Rule 4(d), plus it would only give her 21 days to respond to the complaint, rather than the usual 90 when a foreign defendant is sued under Rule 4(d).

## Conclusion

15. In conclusion, there are multiple advantages, and almost no disadvantages, to authorizing service of process by email. Also, as I said earlier, the Ninth Circuit Court of Appeals has held that I am not required to exhaust all alternative avenues for service of process before I seek leave to conduct service via email, but instead it is authorized whenever the Court, in its discretion, decides that it is the best way to do so. Service of process by email is overwhelmingly likely to apprise Rebolo of the action, and Rebolo deserves to have this issued against her because of her bad faith refusal to provide reasonable cooperation in avoiding unnecessary delay and expense.

Wherefore, premises considered, I respectfully request that the Court grant me leave to serve process on Rebolo by email. So requested on this, the 31st day of January, 2021.

<div style="text-align:right">

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

</div>