David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                      PLAINTIFF

VS.                                    Case 3:22-cv-00546-SK

EMILY REBOLO, ET AL                                              DEFENDANTS

## MOTION TO STAY PROCEEDINGS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Stay of Proceedings.

1.      There is another case currently pending in this Court: 4:21-cv-04184-JSW Stebbins v. Polano. In that case, I allege that the individual defendants infringed on my copyright, that their infringing videos and streams were not fair use, and that, even if their videos and streams could b considered fair use, the fact that they were making these videos and streams *just* to harass and dox me out of pure malice and spite means that they should lose the right to claim fair use due to the counter-defenses of "abuse of rights" and "unclean hands." Since the law clearly states that "fair use presupposes good faith and fair dealing" (see Fisher v. Dees, 794 F. 2d 432, 436 (9th Cir. 1986; citing Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 US 539 (1985), obviously bad faith (aka malice) can nullify fair use.

2.      In the instant case, I am accusing the individual defendants of (A) infringing on my copyright, and (B) willingly participating in the very harassment and doxxing that Polano,

Allison, and Mateas were guilty of, by participating in an online discussion known as "Acerthorn Pinata Bashing," where Polano and Allison (and possibly Mateas as well) continued their patterns of harassment and doxxing against me. Because these infringements were just an extension of the harassment and doxxing in the existing case, I have dubbed that case a "sister case" to this one.

3.      Because these two cases are siblings of one another, I believe that a ruling in the sister case – specifically, whether or not the individual defendants Polano, Mateas, and Allison are judged to have acted in such a malicious and antisocial manner that they should be precluded from bringing a fair use claim – has the potential to be quite relevant, even bordering on being fully dispositive, in the instant case.

4.      My logic is similar to the prosecution's logic in Minnesota when they chose to hold off on charging officers Thomas Lane, Tou Thao, and J. Alexander Kueng for accessory to murder until after Derek Chauvin (the main killer) was tried and convicted. After all, if Chauvin were acquitted of his murder charge, then Lane, Thao, and Kueng would obviously be fully absolved of any and all legal culpability. You cannot be an accessory to someone else's crime if that "someone else" is not even guilty of the crime in the first place. For this reason, the prosecution in Minnesota waited until after Chauvin was convicted before his fellow officers on the scene were charged with anything.

5.      Along that same vein, the outcome of the sister case has the potential to greatly affect the outcome of this case, almost to the point of being dispositive. If the Court, in the sister case, decides that the individual defendants' actions were so malicious, antisocial, and unconscionable that they should be precluded from bringing the claim of fair use, then it follows naturally that

3:22-cv-00546-SK Stebbins v. Rebolo                                    Motion to Stay Proceedings

*these* individual defendants – who actively and willingly participated in the same behavior – should likewise be precluded from bringing fair use. On the other hand, if the Court determines that the individual defendants in the sister case were not actually harassing or doxxing me (or at the very least, that their conduct was not egregious enough to warrant total preclusion of fair use), then the individual defendants of both cases suddenly find themselves right back in the ball game. They would still have to prove fair use, but at least their affirmative defense would not be precluded.

6.      For this reason, an in order to avoid piecemeal litigation, I ask this Court to order a stay of proceedings in this case until such time as the sister case can be properly adjudicated. Not only should the case not move forward, but I ask that I be temporarily exempt from having to serve the defendants (individual or otherwise) until this stay is lifted.

7.      However, I ask for leave to do at least one thing in this case while it is being stayed: I ask for permission to file additional Motions for Leave to File Amended Complaint(s). If the individual defendants ever issue any  more DMCA Counter-Notifications, I will have to file something in court within ten (10) business days, otherwise the ISP will reinstate the infringing content. A Motion for Leave to File Amended Complaint has historically been treated by ISPs as sufficient to prevent reinstatement of the infringing material. See **Exhibit A**. However, I still need to be able to file at least that much in this case in order to keep the infringing content from being reinstated. As such, I ask that motions for leave to amend my complaint be exempt from this stay.

8.      I also ask for permission to add new individual defendants through these amended complaints while the case is otherwise stayed. At this point, I believe it is clear that more people

are going to join Rebolo, Burger, Polano, Allison, and Mateas in their attempts to dox and dogpile[1] me. At this point, I have been completely vilified by a large number of Youtube content creators. Nothing but a judgment is going to truly put a stop to this dogpiling, and since that will not happen for at least a few months, that means the harassment and dogpiling is going to continue, which in turn means the copyright infringement (where fair use is precluded due to bad faith harassment) is going to continue, which means that the DMCA takedowns and DMCA Counter Notifications are going to continue, which in turn means I will need to continue to file either new lawsuits or motions for leave to amend complaint until I manage to get a judgment in the sister case. Thus, allowing me to continue to add defendants in this case is necessary to avoid us having a multitude of active cases that are quintessentially litigating the same issue.

9.     Wherefore, premises considered, I respectfully request that proceedings in this case be stayed, except for allowing me to file motions for leave to amend my complaint, until such time as the sister case may be properly adjudicated.

So requested on this, the 31st day of January, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

---

1   "Dogpiling" is a term used to refer to behavior on the Internet where people will collectively join in harassing and/or doxxing a single victim. These people often have no personal beef with the victim. Instead, they simply see the harassment and doxxing happening and, rather than leaving in disgust or reporting the behavior to the site's moderators, feel inclined to join in for no other reason than because it is happening.