UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>    v.<br><br>EMILY REBOLO, et al.,<br><br>    Defendants. | Case No. 22-cv-00546-JSW<br><br>**ORDER LIFTING STAY, SCREENING COMPLAINT, AND DISMISSING CASE**<br><br>Re: Dkt. Nos. 8, 14 |

On February 23, 2022, the Court issued an order staying this case pending resolution of of *Stebbins v. Polano*, 4:21-cv-4184-JSW (the "Related Case"). (*See* Dkt. No. 14.) On July 7, 2022, the Court issued an order dismissing the Related Case. Now that the Related Case is resolved, the Court HEREBY LIFTS THE STAY.

The original complaint was filed on January 27, 2022, and the matter was randomly assigned to Magistrate Judge Kim. On February 3, 2022, Judge Kim granted Plaintiff's request to proceed *in forma pauperis* but ordered a hold on service while the motion to relate this matter to *Stebbins v.* Polano was decided. (Dkt. No. 8.) The cases were related, and this matter was reassigned to the undersigned. (Dkt. Nos. 9-10.) Shortly thereafter, the Court stayed the case pending resolution of the Related Case because a ruling in that case "will be relevant and potentially fully dispositive in the present case." (Dkt. No. 14.) Now that the stay is lifted and because Plaintiff is proceeding *in forma pauperis*, the Court must screen Plaintiff's complaint under 28 U.S.C. section 1915 ("Section 1915").

Under Section 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action if the Court finds that the action "fails to state a claim on which relief may be granted" or that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B); *see also Neitzke v. Williams*, 490 U.S.

319, 324 (1989). Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is "frivolous" where it lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual allegation"). As the United States Supreme Court has explained:

> [the *in forma pauperis* statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit . . . .[It affords] judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to *pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.*

*Neitzke*, 490 U.S. at 327-28 (emphasis added). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Id.* at 324.

Plaintiff brings this complaint about the infringement of several purportedly copyrighted works. (*See* FAC ¶¶ 19-39.) "To establish to establish infringement of a copyright, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv., Co.*, 499 U.S. 340, 361 (1991).

Plaintiff's claims based on infringement of the April 10, 2021 livestream are dismissed with prejudice. The Court dismissed, with prejudice, Plaintiff's claims based on this livestream in the Related Case, *Stebbins v. Polano*, 4:21-cv-4184-JSW, on the basis that the livestream lacks creativity and human authorship because the recording occurred unbeknownst to Plaintiff. (*See* Related Case, Dkt. No. 157.) For this reason, the copyright infringement claims based on the April 10, 2021 livestream are dismissed, with prejudice, for failure to state a claim.

2

Plaintiff also brings copyright infringement claims against several defendants based on the use of ten 2D images. (FAC ¶¶ 33-39.) The U.S. Copyright Office rejected Plaintiff's request to register the images for copyright protection because they are "basic geometric shapes," which lack sufficient creativity and human authorship for copyright protection lacked sufficient creativity. (*Id*. ¶¶ 39, 161.) Based on the Copyright Office's refusal, Plaintiff does not have a presumption of validity over the 2D images.

Furthermore, Plaintiff's allegations fall short of establishing the copyrightability of the 2D images. As described in the complaint, the images are a "blue honeycomb background" comprised of hexagons. (*Id*. ¶ 161.) But as the U.S. Copyright Office found, there is no copyright protection for basic geometric shapes. Nevertheless, Plaintiff alleges the images meet the standard for creativity because he put the "hexagons in a honeycomb pattern with a gradiant [sic] color scheme." (*Id*.) As alleged, the Court concludes that there is an insufficient degree of creativity in the arrangement and selection of the hexagons to qualify for copyright protection. For this reason, the Court dismisses the copyright infringement claims based on the ten 2D images.

Finally, Plaintiff asserts additional copyright infringement claims based on the alleged copying of other livestream videos. (*See* FAC ¶¶ 26-32.) Plaintiff registered these livestreams with the U.S. Copyright Office. (*See id*. ¶¶ 27-28, 30, 32.) Although registration constitutes "prima facie evidence of the validity of the copyright," the presumption of validity may be overcome by some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1145 (9th Cir. 2003) (citation omitted); *see also Neitzke*, 490 U.S. at 327 ("[Section 1915] accords judges…the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.").

Here, the Court has sufficient evidence to dispute the presumption of validity afforded by registration. In the Related Case, the record showed that Plaintiff did not disclose the true nature and circumstances of the April 10, 2021 livestream video to the U.S. Copyright Office in his registration application. (*See* Related Case, Dkt. Nos. 138, 157.) Thus, although Plaintiff obtained a certificate of registration for that livestream, the Court found this evidence rebutted the

3

presumption of validity, and upon examination of the allegations in the complaint, determined the April 10, 2021 was not copyrightable. (*Id.*, Dkt. No. 157.) The Court finds that Plaintiff's proven lack of candor in his prior application overcomes the presumption of validity afforded by registration of the other livestream videos.

Without the presumption of validity, Plaintiff's allegations of ownership regarding the additional livestreams are insufficient. Plaintiff does not allege facts that permit the Court to assess whether the content is eligible for copyright protection. He does not describe the material or address how it meets any of the criteria for copyright protection, such as creativity or originality. Moreover, his allegations of copying are vague and conclusory. Accordingly, Plaintiff fails to allege a viable infringement claim as to the remaining livestream videos.

Although the Court "should freely give leave [to amend] when justice so requires[,]" it is within the court's discretion to deny such leave to amend when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice for the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis,* 371 U.S. 178, 182 (1962).

Here, the Court finds several factors support dismissal without leave to amend. Plaintiff has already been afforded multiple bites at the apple. Plaintiff pursued similar and overlapping infringement claims in the Related Case, which has now been dismissed with prejudice. Additionally, Plaintiff already amended the complaint in this action once and sought leave to file a second amended complaint.[1] Neither the amended complaint nor the proposed second amended complaint contain additional facts that save Plaintiff's deficient claims or suggest that such facts exist. Indeed, much of the alleged infringement is plainly fair use criticism as Plaintiff himself concedes in the complaint. Thus, amendment would be futile.

Finally, Plaintiff's attempt to manufacture and pursue ultimately meritless copyright infringement claims in an effort to silence online criticism smacks of bad faith and abuse of the Court system. Plaintiff's bad faith and his history of filing frivolous lawsuits further justifies

---

[1] Plaintiff filed a first amended complaint on March 8, 2022. (Dkt. No. 15.) He filed a motion for leave to file a second amended complaint on April 27, 2022. (Dkt. No. 16.)

dismissal without leave to amend.[2]  For these reasons, the dismissal is WITHOUT LEAVE TO AMEND.

Plaintiff is warned that if he persists in filing frivolous or meritless lawsuits, the Court may impose sanctions, bar from him from filing further actions without prior approval, and/or deem him a vexatious litigant.

## CONCLUSION

The complaint is DISMISSED WITHOUT LEAVE TO AMEND.  The Clerk shall terminate any pending motions as moot and close the file.

**IT IS SO ORDERED.**

Dated: July 11, 2022

_____
JEFFREY S. WHITE
United States District Judge

---

[2] *See, e.g.*, *Stebbins v. Google, Inc.*, No. 11-CV-03876-LHK, 2011 U.S. Dist. LEXIS 125701 (N.D. Cal. Oct. 27, 2011) (dismissing *sua sponte* as "frivolous" and "clearly baseless"); *Stebbins v. Stebbins*, 575 F. App'x 705, 705 (8th Cir. 2014) (noting it is "undisputed that Stebbins has proceeded in forma pauperis on at least sixteen complaints [as of 2014] that proved meritless, and has filed numerous frivolous motions"); *Stebbins v. Bradford*, No. 3:12-CV-03131, 2013 U.S. Dist. LEXIS 94179 (W.D. Ark. July 5, 2013) (dismissing complaint as frivolous); *Stebbins v. Hixson*, No. 3:18-CV-03040, 2018 U.S. Dist. LEXIS 79361 (W.D. Ark. May 8, 2018); *Stebbins v. Microsoft, Inc.*, No. C11-1362 JCC, 2012 WL 12896360, at *1 (W.D. Wash. Jan. 13, 2012), *aff'd sub nom. Stebbins v. Microsoft Corp.*, 520 F. App'x 589 (9th Cir. 2013); *Stebbins v. Texas*, No. 3:11-CV-2227-N (BK), 2011 U.S. Dist. LEXIS 146248, at *8-9 (N.D. Tex. Oct. 24, 2011).