David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                  PLAINTIFF

VS.                                            Case 3:22-cv-00546-JSW

EMILY REBÔLO, ET AL                                                                  DEFENDANTS

## MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND TO RECUSE

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following motion for leave to file a motion for reconsideration and to recuse in the above-styled action.

1. First, I have sought leave to file a motion for reconsideration in the related case. See Stebbins v. Polano, Dkt. 159. The arguments contained in that motion are hereby incorporated by reference.

2. Second, this Court did not address all of the claims in the complaint and why they should be dismissed. I have also filed suit for the violation of (A) an April 18 (as opposed to April 10), 2021 livestream (See Dkt. 15, ¶¶ 26-27), a Yotuube shorts video (Dkt. 15, ¶ 28), a "Fallout: New Vegas Retrospective" video (Dkt. 15, ¶¶ 29-30), a December 18, 2021 livestream (Dkt. 15, ¶¶ 31-32), and a claim for DMCA Misrepresentation in violation of § 512(f) (see Dkt. 15, ¶¶ 131-137). This Court has offered no reason whatsoever as to why I do not have a copyright in those cases.

3. Rather, it seems that the Court is indicating that, because I made a *sliiiiiight* misclafficiation when registering the April 10, 2021 livestream (one the Copyright Office detected, but found to be insufficient to justify denying the registration altogether), that means that I can never again have *any* copyright on *any* work, *ever*, even if I fill out the

registration on all future claims perfectly. See Dkt. 20, Page 4, Lines 2-4 ("The Court finds that Plaintiff's proven lack of candor in his prior application overcomes the presumption of validity afforded by registration of the other livestream videos"). There is no basis in the law for such a sweeping generalization.

4. Third, this Court made the finding that ten 2D images were not minimally creative. This is preposterous. I never provided copies of these works in the Complaint, and the Court cannot look beyond the complaint for evidence with which to base dismissing the complaint.

5. The Court has offered no reason why leave to amend would be futile. Even if the Court wishes for me to provide specific details to establish an entitlement to a prima facie copyright infringement, it should give me leave to amend the complaint to do so.

6. I never admitted that these videos were fair use. I said that, at first glance, they appear to create an arguable basis for fair use, but I still insisted that they were not fair use despite this. I should be given an opportunity to prove this in court. The Court's claim that I am acting "in an effort to silence online criticism" is not true, and I should be given an opportunity to show proof that it is not true! This Court is denying me my constitutional right to my day in court, and is doing so based entirely on his personal grudge against me because I issued that voluntary dismissal.

7. Because this Court has proven himself incapable of setting aside his personal biases and grudges against me, I ask this Court to recuse himself. My right to an impartial judge is absolute. See Tumey v. Ohio, 273 US 510, 535 (1927) ("No matter what the evidence was against him, he had the right to have an impartial judge").

## Conclusion

8. Wherefore, premises considered, I respectfully pray that this Motion for Leave to File a Motion for Reconsideration be granted, and that the Court recuse himself. So requested on this, the 11th day of July 2022.

<i>/s/ David Stebbins</i><br>
David Stebbins<br>
123 W. Ridge Ave.,

APT D<br>
Harrison, AR 72601<br>
(870) 212-4947<br>
acerthorn@yahoo.com