David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                          PLAINTIFF

VS.                                        Case 3:22-cv-00546-JSW

EMILY REBÔLO, ET AL                                                                  DEFENDANTS

### REPLY IN SUPORT OF [21] MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply in Support of my Motion for Leave to File Motion for Reconsideration.

1. The deadline to file an opposition to this motion was July 25, 2022. No opposition to this motion has been filed. Therefore, their opportunity to argue against this motion has passed.

2. However, I do want to say this: The Motion for Leave does not contain very thorough arguments. It wasn't supposed to. According to the local rules, I must first file a motion for leave to file a motion for reconsideration, and if that motion is granted, then and only then am I allowed to file the motion for reconsideration itself. See Local Rule 7-9(a). That is where the bulk of arguments will be made if leave is granted.

3. My basis for granting leave to file a motion for reconsideration is in found in Local Rule 7-9(b)(3) (a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court). Namely, the Court did not consider …

    (a) All of the evidence and binding legal authority that it failed to consider in the related case (Stebbins v. Polano).

    (b) The complete *lack* of evidence that the underlying works were fair use or that I was

just filing suit in order to silence criticism.

(c) The complete lack of evidence that the underlying works lack minimal creativity.

(d) The complete absence of any legal authority stating that a good faith mistake on one unrelated application for copyright registration constitutes grounds to overcome the presumption of validity of entirely unrelated copyrights.

(e) It manifestly failed to address all of the claims that were before the court.

4. The Court manifestly failed to consider all of these arguments because, by its own admission, it was angry at me for issuing the voluntary dismissal. However, because I had an absolute right to do that, the Court should recuse itself if it cannot set aside its personal dislike towards me.

So notified on this, the 27th day of July, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
