David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                      acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                              PLAINTIFF

VS.                       Case 3:22-cv-00546-JSW

EMILY REBÔLO, ET AL                                          DEFENDANTS

### MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Leave to File Motion for Reconsideration.

1. The Court manifestly failed to consider my argument for unclean hands as a counter defense to fair use. See Dkt. 32, ¶¶ 53-140 and ¶¶ 248-273.

2. This is grounds for reconsideration under L.R. 7-9(b)(3).

3. For what it is worth, it is rare for unclean hands to be raised by the plaintiff to defeat an affirmative defense, but it is universally understood that it can be done in the rare event it is applicable.

   (a) See https://www.upcounsel.com/unclean-hands ("Note that the plaintiff can also use the unclean hands defense. Specifically, the plaintiff could argue that the defendant isn't entitled to another type of defense due to his or her unclean hands").

   (b) See also https://www.law.cornell.edu/wex/clean-hands_doctrine ("The clean-hands doctrine is invoked when a party seeking equitable relief or claiming a defense based in equity has themselves violated a duty of good faith ... in connection with the same subject matter out of which they claim a right to relief") (emphasis added).

   (c) See also https://content.next.westlaw.com/practical-law/document/Id4cf197ef3ad11e28578f7ccc38dcbee/Unclean-Hands-Doctrine ("Although the unclean hands doctrine is typically an affirmative defense asserted by a defendant, it may also be asserted by a plaintiff in opposition to an equitable defense").

4. Even in the copyright context, and even when unclean hands is being asserted specifically

as a counter-defense to fair use specifically, unclean hands has been upheld by courts as a valid counter-defense to fair use in particular. In Atari Games Corp. v. Nintendo of America Inc., 975 F. 2d 832 (Fed. Cir. 1992), the Federal Circuit used copyright misuse (a doctrine which is itself based on the concept of unclean hands), not to prevent the enforcement of a copyright, but to refuse a fair use defense. Even though it found that the use would otherwise be fair, because the defendant had misled the Copyright Office to get a copy of the program source code and therefore came to court with unclean hands, the defendant could not use the equitable fair use defense.

5.  I therefore ask the Court to reopen the Second Amended Complaint, and, in regards to the claims it found to be fair use, make specific findings of fact and specific conclusions of law as to why the counter-defense of unclean hands does not apply.

So requested on this, the 4th day of December, 2024.

*/s/ David Stebbins*
David Stebbins