LAURA HERNANDEZ, State Bar No. 344641
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: lhernandez@wsgr.com

JEREMY P. AUSTER (*admitted pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jauster@wsgr.com

*Counsel for Defendant YouTube, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>    v.<br><br>ALPHABET INC. et al.,<br><br>    Defendants. | Case No.: 4:22-cv-00546-JSW<br><br>**DEFENDANT YOUTUBE, LLC'S REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF MATERIALS INCORPORATED BY REFERENCE**<br><br>Action Filed: January 27, 2022 |

In considering Defendant YouTube, LLC's ("YouTube") contemporaneously filed Motion to Dismiss, YouTube hereby respectfully requests that the Court take judicial notice of and/or order incorporated by reference the following documents:

1. Plaintiff's YouTube video uploaded to YouTube on October 13, 2019, titled "Fallout: New Vegas Retrospective," which is publicly available online at: https://www.youtube.com/watch?v=T6Xp-Audx3w (the "Video");

2. A copy of the allegedly infringing livestream video that Plaintiff alleges was created by the YouTube user "Creetosis" on September 12, 2021 and was previously publicly available on YouTube at https://youtu.be/gagv7c-CD-U ("Livestream #1"), and which was removed from YouTube on September 7, 2023. A true and correct copy of Google LLC's (YouTube's parent company) internal preservation copy of Livestream #1 is attached as **Exhibit A** to the Declaration of Aamir Hasnat In Support of YouTube's Motion to Dismiss ("Hasnat Decl.");

3. A copy of the allegedly infringing livestream video that Plaintiff alleges was created by the YouTube user "Creetosis" on September 15, 2021 and was previously publicly available on YouTube at https://youtu.be/iZMk6tzXpm4 (Livestream #2), and which was removed from YouTube on September 7, 2023. A true and correct copy of Google LLC's internal preservation copy of Livestream #2 is attached as **Exhibit B** to the Hasnat Decl.;

4. YouTube's Terms of Service, effective from May 25, 2018 to December 9, 2019. A true and correct copy of this document is attached as **Exhibit 1** to the Declaration of Jeremy P. Auster ("Auster Decl."). This document is also publicly available online at: https://www.youtube.com/t/terms?archive=20180525;[1]

5. YouTube's Terms of Service, effective from December 10, 2019 to November 17, 2020. A true and correct copy of this document is attached as **Exhibit 2** to the Auster

---

[1] This is the version of the Terms of Service in effect at the time Plaintiff uploaded his Video to YouTube on October 13, 2019.

Decl. This document is also publicly available online at: https://www.youtube.com/t/terms?archive=20191210;

6. YouTube's Terms of Service, effective from November 18, 2020 to March 16, 2021. A true and correct copy of this document is attached as **Exhibit 3** to the Auster Decl. This document is also publicly available online at: https://www.youtube.com/t/terms?archive=20201118;

7. YouTube's Terms of Service, effective from March 17, 2021 to January 4, 2022. A true and correct copy of this document is attached as **Exhibit 4** to the Auster Decl. This document is also publicly available online at: https://www.youtube.com/t/terms?archive=20210317;[2]

8. YouTube's Terms of Service, effective from January 5, 2022 to December 14, 2023. A true and correct copy of this document is attached as **Exhibit 5** to the Auster Decl. This document is also publicly available online at: https://www.youtube.com/t/terms?archive=20220105; and

9. YouTube's Terms of Service, effective from December 15, 2023 to the present. A true and correct copy of this document is attached as **Exhibit 6** to the Auster Decl. This document is also publicly available online at: https://www.youtube.com/t/terms; and

10. Plaintiff's certified Certificate of Registration for U.S. Copyright No. PA 2-335-063, titled "Fallout: New Vegas Retrospective" (the "Certificate"). A true and correct copy of the Certificate is attached as **Exhibit 7** to the Auster Decl.

As set forth below, the Court may take judicial notice of and/or order incorporated by reference these documents, and may properly consider them on YouTube's Motion to Dismiss.

## ARGUMENT

On a motion to dismiss, the Court may consider facts that are judicially noticeable. *See, e.g.*, *Arroyo v. AJU Hotel Silicon Valley LLC*, 2021 WL 2350813, at *2 (N.D. Cal. Mar. 16, 2021).

---

[2] This is the version of the Terms of Service in effect at the time Plaintiff alleges Creetosis uploaded the Livestreams to YouTube. Dkt. 32 ("SAC") ¶¶ 4, 171.

The court may take judicial notice of a fact that is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Separately, under the incorporation-by-reference doctrine, on a motion to dismiss, materials are properly before the Court where their "contents are alleged in a complaint and [their] authenticity no party questions," even if such materials "are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (permitting incorporation by reference where material "forms the basis of the plaintiff's claim"). Here, each of the exhibits identified above are subject to judicial notice and/or incorporation by reference.

***The Video, Livestream #1, and Livestream #2.*** Plaintiff's Second Amended Complaint is replete with detailed references to and allegations concerning the contents of the Video, Livestream #1, and Livestream #2. *See* SAC ¶¶ 34-38, 171-88. Indeed, the content of these videos form the basis of Plaintiff's claims for copyright infringement. *See id.* Given the nature of copyright infringement claims—which require a comparison of the copyrighted work and allegedly infringing work—"[c]ourts frequently employ judicial notice and the incorporation-by-reference doctrine to consider the content of materials in copyright infringement cases at the motion to dismiss stage." *Whitehead v. Netflix, Inc.*, 2022 WL 17342602, at *8 (N.D. Cal. Nov. 30, 2022) (collecting cases and incorporating by reference Netflix episode at heart of copyright claim); *see also*, *e.g.*, *Stebbins v. Google LLC*, 2023 WL 6139454, at *6 (N.D. Cal. Aug. 31, 2023) (incorporating by reference Plaintiff's copyrighted YouTube video and allegedly infringing YouTube content at the heart of his copyright infringement claim); *Gadh v. Spiegel*, 2014 WL 1778950, at *3 (C.D. Cal. Apr. 2, 2014) (incorporating by reference motion picture at heart of copyright infringement claim); *FLIR Sys., Inc. v. Sierra Media, Inc.*, 2011 WL 1832806, at *3 (D. Or. May 10, 2011) (incorporating by reference YouTube video at heart of false advertising claim). The same result should follow here, and the Court should order the Video and Livestreams #1 and #2 incorporated by reference and consider them in ruling on YouTube's Motion to Dismiss.

**YouTube's Terms of Service.** "In general, websites and their contents may be judicially noticed." *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020). YouTube's Terms of Service are subject to judicial notice because they appear on publicly accessible websites "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Indeed, courts routinely take notice of publicly accessible terms of service—including YouTube's Terms of Service. *See, e.g.*, *Lacoste v. Keem*, 2020 WL 5239110, at *2 n.2 (C.D. Cal. June 23, 2020) (taking judicial notice of YouTube's terms of service); *Libman v. Apple, Inc.*, 2024 WL 4314791, at *5 (N.D. Cal. Sept. 26, 2024) (taking judicial notice of Apple's privacy policies); *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 869 (N.D. Cal. 2022) (taking judicial notice of Twitter's current and prior terms of service); *Matera v. Google Inc.*, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (taking judicial notice of Google's terms of service); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1069 n.3 (N.D. Cal. 2016) (taking judicial notice of Yelp's privacy policies). Importantly, the Court may take judicial notice of documents that satisfy the requirements of Rule 201, even if the documents are not referenced in the plaintiff's complaint. *See, e.g.*, *Tech Data Corp. v. AU Optronics Corp.*, 2012 WL 3236065, at *4 n.2 (N.D. Cal. Aug. 6, 2012) (taking judicial notice of agreements not referenced in complaint); *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1123 (N.D. Cal. 2017) (taking judicial notice of SEC filings and media reports not referenced in complaint).

Here, each version of YouTube's Terms of Service is publicly available online and there is no basis for Plaintiff to question their existence or accuracy. Indeed, Plaintiff has cited the Terms of Service in support of his own allegations in other lawsuits—including another lawsuit against YouTube and Creetosis. *See Stebbins v. Doe*, 4:24-mc-80179-HSG, ECF No. 1 at 5, n.2 (N.D. Cal. June 21, 2024) (citing YouTube Terms of Service in support of allegation that Plaintiff's work was not "published"); *Stebbins v. Google, Inc.*, 2011 WL 5150879, at *1 (N.D. Cal. Oct. 27, 2011) (arguing that YouTube Terms of Service supported Plaintiff's "motion to confirm arbitration award"). As a result, the Court should take judicial notice of the Terms of Service and consider them in connection with YouTube's Motion to Dismiss.

-4-

CASE NO.: 4:22-CV-00546-JSW

***The Certificate.*** Certified records from the U.S. Copyright Office, such as certificates of registration, are judicially noticeable. *See*, *e.g.*, *Oroamerica Inc. v. D & W Jewelry Co., Inc.*, 10 F. App'x 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of certificate of registration); *Jim Marshall Photography, LLC v. John Varvatos of California*, 2013 WL 3339048, at *3 n.5 (N.D. Cal. June 28, 2013) (same); *Vigil v. Walt Disney Co.*, 1995 WL 621832, at *1 (N.D. Cal. Oct. 16, 1995) (same). The Certificate is a certified Certificate of Registration obtained from the U.S. Copyright Office and bears the Copyright Office's certification. Thus, the Court may take judicial notice of the Certificate and consider it in connection with YouTube's motion to dismiss.

The Certificate can also be considered under the doctrine of incorporation-by-reference. Plaintiff specifically references the Certificate in his Second Amended Complaint, SAC ¶ 38, and he alleges that defendants "Creetosis" and YouTube infringed upon the copyright covered by the Certificate, *id.* ¶¶ 171-88. Certificates of registration demonstrate registration—an essential requirement for filing a copyright infringement suit. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 302 (2019); 17 U.S.C. § 411. Because the Certificate "forms the basis" of Plaintiff's claims, *Thumbtack, Inc. v. Liaison, Inc.*, 2024 WL 235172, at *1 n.1 (N.D. Cal. Jan. 22, 2024), the Certificate is also incorporated by reference, and the Court should consider it in ruling on YouTube's Motion to Dismiss.

## CONCLUSION

For these reasons, YouTube respectfully requests that the Court consider the above-referenced documents in connection with YouTube's Motion to Dismiss Plaintiff's Second Amended Complaint.

| | | |
|---|---|---|
| 1 | Dated: February 5, 2025 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| 2 | | |
| 3 | | By: /s/ *Jeremy P. Auster* |
| 4 | | Jeremy P. Auster (*admitted pro hac vice*)<br>1301 Avenue of the Americas, 40th Floor |
| 5 | | New York, NY 10019<br>Telephone: (212) 999-5800 |
| 6 | | Facsimile: (866) 974-7329<br>E-mail: jauster@wsgr.com |
| 7 | | |
| 8 | | Laura Hernandez, State Bar No. 344641<br>One Market Plaza, Spear Tower, Suite 3300 |
| 9 | | San Francisco, CA 9105<br>Telephone: (415) 947-2000 |
| 10 | | Facsimile: (866) 974-7329<br>E-mail: lhernandez@wsgr.com |
| 11 | | |
| 12 | | *Counsel for Defendant YouTube, LLC* |