David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                        acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                PLAINTIFF

VS.                         Case 3:22-cv-00546-JSW

ALPHABET INC, ET AL                                            DEFENDANTS

## MOTION TO STRIKE AND IN LIMINE

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Strike and in Limine.

1. The Court has discretion to strike, in whole or in part, any portion of any pleading that is scandalous, impertinent, or immaterial. See FRCP 12(f). The Court also has a duty to issue orders in limine to block the usage of inadmissible evidence. Evidence is inadmissible if, among other things, it is not relevant (see FRE 402) or when the relevance of the evidence is significantly outweighed by its prejudicial value (see FRE 403). Evidence is considered "relevant" if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. See FRE 401.

2. Here, defendants Alphabet Inc and YouTube LLC have filed a motion to dismiss. See Dkt. 58. In this motion, they have included the fact that I have had my filing privileges restricted in the past. See id at Page 2, Lines 2-6.

3. These declarations have no bearing on the instant case. As the defendants themselves concede, "[c]opyright is not a privilege reserved for the well-behaved." See Google Llc v. Oracle America, Inc., 141 S. Ct. 1183, 1204 (2021). See also Dream Games of Arizona, Inc. v. PC onsite, 561 F. 3d 983 (9th Cir. 2009).

> "[I]f the defendant can do no more than show that the complainant has committed some legal or moral offense, which affects the defendant only as it does the public at large, the court must grant the equitable remedy and leave the punishment of the offender to other forums.

> ...
>
> [T]he district court did not allow [the Defendant] to argue evidence of illegality to the jury. The court concluded that the jury should focus on the conduct of [the defendant], and that any possible illegal activity by [the Plaintiff] was irrelevant to the willfulness or innocence of [the Defendant]'s conduct.
>
> ...
>
> The court may exclude evidence when its probative value is substantially outweighed by the danger of unfair prejudice. 'Unfair prejudice' within this context means an undue tendency to suggest decision on an improper basis. Here... it was not an abuse of discretion to exclude evidence of illegal operations... illegal operation does not diminish copyright protections or undermine the punitive purposes of the statutory damages provision. Further, illegal operation of a work does not provide information relevant to the nature of the copyright, the circumstances of the infringement, plaintiff's conduct during litigation, or any of the other factors commonly relied upon by decisionmakers in setting statutory damages awards.
>
> ...
>
> Because illegal operation of a copyrighted work does not remove copyright protection or foreclose the award of either actual or statutory damages, we uphold the award of statutory damages to Dream Games. We also conclude that the district court did not abuse its discretion in excluding evidence of illegal operation from the jury's consideration." See id at 990-94 (citations and quotations omitted).

4.      The Defendants do not argue that I do not have a valid and enforceable copyright in the Fallout New Vegas Retrospective video, so that fact is not in dispute in this case in the first instance. Meanwhile, whether or not I have granted YouTube a license to reproduce my video, and/or whether or not the reaction streams in question are fair use, can be proven just as easily simply by referring to the rest of the defendants' Motion to Dismiss. There is no need to bring up my past in order to stir up resentment against me. Such evidence is redundant of the much more probative and direct evidence of fair use. If there is no direct evidence of fair use, then the reaction streams do not suddenly become fair use simply because of these past rulings.

5.      Therefore, even if this evidence makes any fact more or less probable (which I doubt), those facts are not "of consequence" in determining this action, as required by FRE 401(b).

Therefore, the evidence is inadmissible under FRE 402.

6.  Alternatively, what little probative value this evidence may nominally provide is significantly outweighed by its prejudicial effect. Therefore, it is also inadmissible under FRE 403.

7.  I therefore ask the Court to ...

   (a) Strike in part the defendant's pleadings which mention the declarations which other courts have issued against me, and

   (b) Issue an order in limine, ordering the defendants (including the individual defendants who have not yet appeared in the case) not to submit any evidence of these prior judicial rulings at any point in this action.

   So requested on this, the 7th day of February, 2025.

   */s/ David Stebbins*
   David Stebbins