LAURA HERNANDEZ, State Bar No. 344641
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: lhernandez@wsgr.com

JEREMY P. AUSTER (*admitted pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jauster@wsgr.com

*Counsel for Defendant YouTube, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>    v.<br><br>ALPHABET INC. et al.,<br><br>    Defendants. | Case No.: 4:22-cv-00546-JSW<br><br>**DEFENDANT YOUTUBE, LLC'S ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES PENDING RESOLUTION OF YOUTUBE'S MOTION TO DISMISS**<br><br>Action Filed: January 27, 2022 |

**ADMINISTRATIVE MOTION**

Pursuant to Civil Local Rules 7-11 and 16-2(d), and Fed. R. Civ. P. 26(c), Defendant YouTube, LLC ("YouTube") respectfully requests an order continuing the upcoming Initial Case Management Conference, including all associated deadlines, pending resolution of YouTube's Motion to Dismiss (Dkt. 58, the "Motion" or "Mot.").

**BACKGROUND**

Plaintiff David Stebbins has a nearly fifteen-year history of filing meritless and wasteful lawsuits across the country. In August 2023, in a prior case against YouTube's parent company, Google LLC, Stebbins was declared a vexatious litigant in this District for his pattern of filing frivolous copyright claims "against his critics." *Stebbins v. Google LLC*, 2023 WL 6139454, at *10 (N.D. Cal. Aug. 31, 2023), *appeal filed* No. 24-1936 (9th Cir. April 1, 2024). It was his second vexatious litigant determination.

Stebbins' complaint in this case was fully dismissed pursuant to an IFP screening (Dkt. 20), but the Court later gave him "a final opportunity to amend." Dkt. 30 at 3. On December 4, 2024, this Court dismissed most of Stebbins' operative Second Amended Complaint in another IFP screening order. Dkt. 36 ("Screening Order"). However, it allowed one copyright infringement claim against a third-party YouTube user, "Creetosis," to proceed based on two livestream videos Creetosis posted to YouTube (the "Livestreams"). Stebbins alleges the Livestreams copy portions of a copyrighted video he posted to YouTube (the "Video"). *Id.* at 9-11. The Court also allowed a vicarious infringement claim against YouTube based on the same Livestreams to proceed. YouTube is the only defendant that has been served in this case. Dkt. 52.

YouTube has now filed a Motion to Dismiss Stebbins' infringement claim against it with prejudice. Mot. at 6-15. As it explains, Creetosis' Livestreams—which were long ago removed from YouTube and are now properly before the Court—are quintessential non-infringing fair uses under Section 107 of the Copyright Act, and Stebbins is yet again litigating to silence transformative criticism and commentary. *Id.* at 6-14. Stebbins' infringement claim not only founders on fair use, but is also barred by the license he granted YouTube under his Terms of

1  Service agreement with the company. *Id.* at 14-15. Stebbins' opposition to YouTube's Motion is due **February 19, 2025,** and YouTube's reply is due **February 26, 2025**.

An Initial Case Management Conference ("CMC") is scheduled for **February 28, 2025,** with case management statements due **February 21**. Dkt. 49. To limit the burdens of what YouTube believes to be a meritless suit, it respectfully requests that the Court continue the CMC, including the associated deadlines, until after it rules on YouTube's Motion.[1] The Motion, if granted, will dispose of Stebbins' sole claim against YouTube, and is particularly warranted given Stebbins' history of abusive litigation.

Indeed, on February 5, less than ***one hour*** after YouTube filed its Motion, Stebbins filed an improper motion to stay consideration of YouTube's Motion until the individual defendants, including Creetosis, "have been served with process and have either appeared in the case or been entered in default." Dkt. 60 at 1; *see* Dkt. 61 (clerk's notice vacating hearing on motion for violating Local Rule 7-2). This is not the first time Stebbins has sought to evade a ruling on a motion to dismiss that would fully dispose of his copyright claim so that he could potentially first obtain a default judgment against the alleged direct infringer. That is the approach he attempted in the related *Polano* case, when he voluntarily dismissed YouTube's parent, Alphabet Inc., immediately after Alphabet moved to dismiss his copyright claim, and implored this Court to "cast the contents" of Alphabet's motion "from its mind" when deciding whether to issue a default judgment against the individual defendants. *Stebbins v. Polano*, No. 4:21-cv-04184-JSW (N.D. Cal. July 11, 2022), Dkt. 135, ¶ 12. The Court admonished him for his "efforts to manipulate the litigation process and his blatant gamesmanship." *Id.*, Dkt. 134 at 1.

---

[1] The undersigned counsel for YouTube conferred with Stebbins via email regarding this administrative motion on February 5 and 6, 2025. *See* Declaration of Jeremy P. Auster in Support of YouTube's Administrative Motion ("Auster Decl.") ¶ 2. Stebbins opposed YouTube's request, and instead took the position that consideration of YouTube's Motion should be indefinitely stayed until the individual defendants have been served with process and either "appeared in the case or been entered in default." *Id.*

Since then, Stebbins has filed another motion that improperly asks the Court to strike portions of YouTube's Motion to Dismiss, and bar reference to his history of vexatious litigation. Dkt. 62. Stebbins did not confer about the motion or noticed date.

## ARGUMENT

### A. District Courts Have Broad Discretion to Continue the CMC and Associated Deadlines Pending Resolution of a Dispositive Motion

Courts have "broad discretion" to continue case management conferences and associated deadlines "pending the disposition of a dispositive motion." *Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011). Under Federal Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (quoting Fed. R. Civ. P. 26(c)(1)). This Court and others routinely exercise this discretion to continue case management conferences pending resolution of a dispositive motion. *See, e.g.*, *Heck v. Amazon.com, Inc.*, No. 3:22-cv-03986-JSW (N.D. Cal. Oct. 6, 2022), Dkt. 40 (White, J.) (order vacating CMC and noting that it would be rescheduled after the court resolved the pending motion to dismiss); *Jacksonville Police Officers & Fire Fighters Health Ins. Tr. v. Gilead Scis., Inc.*, No. 4:20-cv-06522-JSW (N.D. Cal. Oct. 27, 2022), Dkt. 85 (White, J.) (same); *Stiener v. Apple Computer, Inc.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (granting motion to stay CMC pending resolution of motion to compel arbitration). Indeed, in another copyright infringement case Stebbins filed against Google LLC, a sister court in this district granted Google's motion to adjourn the CMC and related deadlines pending the resolution of Google's motion to dismiss Stebbins' infringement claim on fair use grounds, *Stebbins v. Google LLC*, No. 3:23-cv-00322-TLT (N.D. Cal. Apr. 3, 2023), Dkt. 47, and the court subsequently granted Google's dismissal motion based on fair use and dismissed Stebbins' case with prejudice, *Stebbins v. Google*, 2023 WL 6139454, at *5-8. YouTube respectfully requests that the Court exercise that same discretion here.

A continuance of the CMC and its associated deadlines will spare YouTube and the Court from devoting unnecessary time and resources contending with Stebbins' vexatious tactics over a

case that is likely to be dismissed. Stebbins has endlessly burdened courts and his counterparties with frivolous lawsuits and vexatious litigation conduct. *See Stebbins v. Google*, 2023 WL 6139454, at *3, *10 (discussing Stebbins' "extensive" history of abusing the judicial system). Despite being declared vexatious for a *second* time, Stebbins' unrelenting abuses continue. *See, e.g.*, *Stebbins v. Joshua Moon et. al.*, 2025 WL 312524, at *11 (S.D.W. Va. Jan. 27, 2025) (recommending denial of Stebbins' IFP application given his "improper" copyright claims); *Stebbins v. CMDR ImperialSalt et. al.*, No. 8:24-cv-01486-JVS-KES (C.D. Cal. Dec. 13, 2024), Dkt. 112 at 11 (issuing order to show cause why Stebbins "should not be sanctioned $1,500 for filing a motion with the Court based on false claims"). Stebbins' litigation history strongly suggests that if the CMC and its associated deadlines are not continued before a ruling on YouTube's Motion, he will continue to drain party and judicial resources. Granting the requested continuance will avoid this undue burden and expense. *See, e.g., Yamasaki v. Zicam LLC*, 2021 WL 3675214, at *2 (N.D. Cal. Aug. 19, 2021) (granting similar request where "both party and judicial resources will be most efficiently used" if court first "decides the pending motion to dismiss.").

Nor will Stebbins be prejudiced by a continuance of the CMC and associated deadlines. *Id.* (granting request where there was "minimal risk of prejudice"). The Livestreams were removed from YouTube over a year ago (Mot. at 3-4), and the CMC can be rescheduled after the Court rules on the Motion.

## CONCLUSION

For the foregoing reasons, YouTube respectfully requests that the Court continue the Initial Case Management Conference, including all associated deadlines, until it rules on YouTube's Motion to Dismiss.

| | | |
|---|---|---|
| 1 | Dated: February 7, 2025 | WILSON SONSINI GOODRICH & ROSATI |
| 2 | | Professional Corporation |

By:  /s/ *Jeremy P. Auster*
Jeremy P. Auster (*admitted pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
E-mail: jauster@wsgr.com

Laura Hernandez, State Bar No. 344641
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 9105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
E-mail: lhernandez@wsgr.com

*Counsel for Defendant YouTube, LLC*

ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES   -5-   CASE NO.: 4:22-CV-00546-JSW