UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>    Defendants. | Case No. 22-cv-00546-JSW<br><br>**ORDER DENYING MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM**<br><br>Re: Dkt. No. 42 |

Now before the Court is Plaintiff David A. Stebbins' motion for issuance of subpoena duces tecum. For the following reasons, the Court DENIES the motion, without prejudice.

**BACKGROUND**

Plaintiff is a pro se litigant proceeding in forma pauperis. (*See* Dkt. No. 8.) Plaintiff brings claims for copyright infringement and violations of the Digital Millenium Copyright Act ("DMCA") against Defendants YouTube LLC, John Doe #1 d/b/a "Creetosis," and John Doe #4 d/b/a "Bibi Faizi." (*See* Dkt. No. 36, Screening Order.) Creetosis and Bibi Faizi are known to Plaintiff only by their online names.

Plaintiff contends that Creetosis is a "real person" because "Creetosis regularly provides his voice in his videos." (Dkt. No. 42, Mot., ¶ 5.) Plaintiff attempted to obtain Creetosis's personal information by issuing takedown notices for Creetosis's content under the DMCA in the hopes that Creetosis would issue counter-notifications and thus reveal his legal name and address. (*Id.* ¶ 7.) When Creetosis did not issue counter-notifications, Plaintiff posted, "If they're both 'false' strikes, why not just counter-notify? If they're clearly fair use, what have you got to lose?" (*Id.* (comment available at https://www.youtube.com/channel/UCPmwIVf4uT831Xdcc3E9kuQ/community?lb=UgkxVClPa-

wd3PLseKexm_QkJHoG3JX6bXLa (last accessed Jan. 27, 2025)).) Plaintiff further contends that Creetosis is a member of the YouTube Partner Program, meaning Creetosis had to have provided YouTube with his legal name and address "for tax purposes." (*Id.* ¶ 14.)

Plaintiff contends that Bibi Faizi must be a real person because Bibi Faizi issued DMCA takedown notifications. (*Id.* ¶ 5.) Plaintiff asserts that "Bibi Faizi" is a pseudonym without "any online presence" and claims "there's nowhere else [Plaintiff] even could look [for Faizi's information], even if [Plaintiff] wanted to." (*Id.* ¶ 9.)

Plaintiff now moves for an order directing the US Marshal Service to issue and serve subpoenas duces tecum on YouTube LLC for the identities of Creetosis and Bibi Faizi. Plaintiff seeks to require YouTube to produce, via email or electronic filing, Creetosis and Bibi Faizi's "legal name(s), address(es), email address(es), phone number(s), and all IP address(es) used for the past two (2) year[s]." (*Id.*, Exhibits A-B.)

**ANALYSIS**

**A.    Applicable Legal Standards.**

Federal Rule of Civil Procedure 45 may be used to compel any person to, "at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery permitted under Rule 45 is coextensive with the scope of discovery permitted under Rule 26. *In re Reddit, Inc.*, No. 24-MC-80005-TSH, 2024 WL 477519, at *1 (N.D. Cal. Feb. 7, 2024).

Ordinarily, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1). When a plaintiff has no way of knowing the identity of a John Doe defendant, upon a showing of good cause, courts will give the plaintiff "an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208

F.R.D. 273, 276 (N.D. Cal. 2002).

In this context, "the court must balance the need to provide injured parties with a forum in which they may seek redress for grievances against the legitimate and valuable right to participate in online forums anonymously or pseudonymously without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Patrick Collins, Inc. v. John Does 1 through 37*, No. 2:12-CV-1259-JAM-EFB, 2012 WL 2872832, at *3 (E.D. Cal. July 11, 2012) (internal marks omitted) (quoting *Hard Drive Prods., Inc. v. Does 1-130*, No. C-11-3826 DMR, 2011 WL 5573960, at *1 (N.D. Cal. Nov. 16, 2011)).

Courts in this district have adopted the factors enumerated in *Columbia Insurance Company v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 2009) to guide the balancing test. The party seeking early discovery to determine the identity of John Doe defendants must (1) establish jurisdictional facts, including that the defendant is a real person who could be sued in federal court; (2) demonstrate a good faith effort to identify the defendant prior to seeking the subpoena; (3) establish that the complaint could withstand a motion to dismiss; and (4) provide sufficient facts to the Court to show a "reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 578-80. The Court evaluates these factors "in light of all the surrounding circumstances." *Semitool*, 208 F.R.D. at 275 (cleaned up).

**B.     Plaintiff's Motion Does Not Meet the *Columbia* Factors.**

The Court first notes that Plaintiff did not comply with Civil Local Rule 7-5, which requires factual contentions made in support of a motion to "be supported by an affidavit or declaration and by appropriate references to the record." Civ. L.R. 7-5(a). Plaintiff did not include any authenticated, supporting citations in his motion, which prevents the Court from evaluating whether Plaintiff has met the first, second, or fourth *Columbia* factors. In the absence of supporting facts, Plaintiff has failed to meet his burden to show good cause to take early discovery. *See Stebbins v. Doe*, No. 23-CV-00321-DMR, 2023 WL 7726412, at *2 (N.D. Cal. Nov. 15, 2023) (denying Plaintiff's motion for subpoena for failure to comply with Rule 7-5).

3

Plaintiff further fails to satisfy the first or second *Columbia* factors because he fails to demonstrate personal jurisdiction or a good faith effort to locate the Doe defendants.

### 1. Plaintiff Fails to Demonstrate Creetosis and Bibi Faizi Are Persons Capable of Being Sued in This District.

Plaintiff contends that the first *Columbia* factor is satisfied as to Bibi Faizi because YouTube processed Bibi Faizi's DMCA takedown notifications. (Mot. ¶ 5.) Plaintiff provides no other information demonstrating that Bibi Faizi is a real person capable of being sued. Plaintiff has likewise failed to demonstrate that Bibi Faizi may be sued in this district; Plaintiff alleges no jurisdictional facts whatsoever regarding Bibi Faizi.

Plaintiff adequately argues that Creetosis is likely a real person capable of being sued because Creetosis uses his voice in his online videos. (*Id.*) However, Plaintiff does not provide any jurisdictional facts which indicate that the Court has jurisdiction over Creetosis.

In order to demonstrate personal jurisdiction over Creetosis, Plaintiff must show "facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). The Court's focus when evaluating personal jurisdiction is the defendant's relationship to the forum state. *Bristol-Myers Squibb Co. v. Superior Court of California*, 582 U.S. 255, 262 (2017) ("*BMS*"). "Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

#### a. Creetosis Is Not Subject to General Jurisdiction In This Court.

Where a defendant is subject to general jurisdiction, it may be haled into court for any dispute, regardless of whether that dispute arises from the defendant's contacts with the forum. *Schwarzenegger*, 374 F.3d at 801. Thus, in order to comport with due process, general jurisdiction extends only to defendants who are "essentially at home" in the forum. *Ford Motor*

4

*Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *BMS*, 582 U.S. at 262.

Considering Plaintiff's motion "in light of all the surrounding circumstances," *Semitool*, 208 F.R.D. at 275, the Court notes that Creetosis appears to be a natural person residing in Canada. (*See* Dkt. No. 45, Mot. for Service by Email, at 1 (stating "Creetosis is from Canada").) If Creetosis is indeed domiciled in Canada, then this Court does not have general jurisdiction over Creetosis. Plaintiff has not shown that Creetosis is subject to general jurisdiction in this Court.

        **b.**    **Plaintiff Has Not Demonstrated That Creetosis Is Subject to Specific Jurisdiction.**

Specific jurisdiction attaches to "a narrower class of claims." *Ford Motor*, 592 U.S. at 359. Specific jurisdiction applies where there is a connection between the underlying controversy and the forum state. *BMS*, 582 U.S. at 264. In order to hale a nonresident defendant into court under a specific jurisdiction theory, the defendant must have sufficient "minimum contacts" with the forum to comport with due process; that is, the defendant's "suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). In determining whether specific jurisdiction applies, courts undertake a three-prong analysis: "(1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail himself of the privileges of conducting activities in the forum'; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017)) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

Because Plaintiff has not alleged or argued any jurisdictional facts with regard to Creetosis, he has not met his burden to demonstrate a connection between Creetosis's conduct and this district. Plaintiff has not met any of the prongs of the specific jurisdiction analysis.

In sum, Plaintiff has failed to demonstrate that the Court may exercise personal jurisdiction over Creetosis or Bibi Faizi.

### 2. Plaintiff Does Not Meet the Second *Columbia* Factor.

The second *Columbia* factor requires the plaintiff to undertake good faith efforts to ascertain the identity of Doe defendants prior to seeking early discovery. Plaintiff has not taken any steps to find Bibi Faizi, and his actions to locate Creetosis lack good faith.

Plaintiff claims that "there's nowhere else I even could look, even if I wanted to," for Bibi Faizi's identity, because Bibi Faizi "does not appear to have any online presence except as the alias for it being the psuedonym [sic] this person used to issue the fraudulent DMCA Takedowns." (Mot., ¶ 9.) Plaintiff does not claim to have made any effort at all to locate Bibi Faizi, and he claims that he does not wish to do so. This does not meet the baseline requirement of identifying "all previous steps taken to locate the elusive defendant." *Columbia*, 185 F.R.D. at 579.

As to Plaintiff's efforts to locate Creetosis, Plaintiff has not demonstrated good faith. The only step identified by Plaintiff to uncover Creetosis's identity was to issue two DMCA notifications in the hope that Creetosis would respond. (Mot., ¶ 7.) This effort was both insufficient and inappropriate. Plaintiff does not claim that the DMCA notifications at issue were made in good faith, but rather seems to have issued the notifications with the expectation that Creetosis would counter-notify under the DMCA and thus reveal his personal information. This behavior smacks of abuse of the DMCA, and the Court will not reward it.

### C. Good Cause Does Not Exist Because There Is a Known Defendant.

In addition to failing to satisfy the *Columbia* factors, Plaintiff is not entitled to early discovery because he can proceed with this lawsuit in its absence. Because Plaintiff knows the identity of Defendant YouTube, he can conduct a Rule 26(f) discovery conference and proceed via traditional discovery. He has not shown that his need to discover the true identities of Creetosis or Bibi Faizi at this stage in the suit outweigh the potential prejudice to their rights to anonymous speech. *See Patrick Collins*, 2012 WL 2872832, at *4 (issuing subpoena to only one John Doe because "plaintiff has not shown that the need to discover the identities of all of the other Doe defendants at this early stage outweighs the potential prejudice to responding ISPs. . ., or that the request to subpoena all of those individuals' ISPs is reasonable or supported by good cause, in light of all the surrounding circumstances.").

# CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for issuance of subpoenas duces tecum, without prejudice.

**IT IS SO ORDERED.**

Dated: February 10, 2025

_____
JEFFREY S. WHITE
United States District Judge