David Stebbins (pro se Plaintiff)    123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947    acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                          PLAINTIFF

VS.                         Case 3:22-cv-00546-JSW

ALPHABET INC, ET AL                                      DEFENDANTS

**REPLY IN CONTINUED SUPPORT OF MOTION TO STAY MOTION TO DISMISS**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply in Continued Support of Dkt. 60, Motion to Stay Dkt 58, Motion to Dismiss, in the above-styled action.

**The defendants are the real delayers, here.**

1. The Defendants call this motion a "costly and wasteful litigation tactic," and that this motion is "intended to evade a ruling on a motion that would be dispositive of his copyright infringement claims," but they provide literally zero evidence to support this highly damning accusation. As the old saying goes, extraordinary claims require extraordinary proof, and the defendants provide none.

2. To the contrary, it appears that it is the defendants, not I, who are seeking to delay the case for its own sake. While it is true that the motion to dismiss, if granted, would be dispositive of the case, that alone is not the end of the story. For starters, it would have to be granted in order to have this dispositive effect, and as I just showed through my recently-filed Opposition to that motion, it isn't the slam dunk case the defendants think it is. In fact, there's a very high chance that the defendants do not even believe themselves the arguments they present in this motion.

3. Examples that show they do not even believe a word they themselves are saying include, but are not limited to...

(a) They claim that I gave them a license, but they obviously don't even believe that themselves, not if their behavior described in ¶ 77 of my Opposition is any indication.

(b) They obviously aren't very confident in their own case for fair use, not if their

behavior described in ¶ 77(c) of my Opposition is in any indication.

    i.    Indeed, the very filing of this Motion to Dismiss goes against the explicit finding of the Court. In Dkt. 36, Page 9, the Court left a footnote stating "does not hold that Creetosis's work is not protected by the fair use defense, but ... the defense **_is not obvious_** from the face of the [Second Amended Complaint]" (emphasis added).

(c)    They argue that the reaction stream is "highly transformative" simply because it contains a large amount of original content, in complete disregard of the **binding precedent** of Seuss v. Comicmix.

(d)    They claim the original video is "published" simply because it was put on YouTube, in complete disregard to the binding authority that is Circular 66, which unequivocally states that isn't enough. The only binding authority they offer to the contrary only applies to photographs, and the Defendants *outright lie* when they omit that detail and replace it with ellipses. Ellipses are generally only supposed to be used to replace words that don't detract from the substantive meaning of what's being included. But since the omitted words clearly do change the substantive meaning in this case, that means the defendants are not just wrong; they are out and out *lying* by including these ellipses.

(e)    They cite the cases of Seltzer v. Green Day and Mattel v. Walking Mountain as evidence that the third factor can weigh in favor of fair use even when the secondary user uses 100% of the original work, but they lie by omission when they fail to disclose that those two cases explicitly stated that cases like this one (where the original work was a video) didn't apply to the precedents they were setting. It's almost as if they were crossing their fingers and hoping that the Court never actually checked their sources.

(f)    They claim that the reaction streams are not a market substitute *just cuz*. They provide literally zero legal authorities (binding or otherwise), or even layman sources, to back up their claim. Instead, they argue that it is "common sense," which is absurd.

    i.    On my alternate YouTube channel – Acerthorn Purple Politics[1] – I explain how such an excuse is ludicrous on its face. You can see that excerpt at 19:47 – 24:47 of this

---

1  So named because I'm not fully democrat or fully republican.

video: https://youtu.be/X2bfAav65yE?t=1187.

    ii.    Indeed, the fact that *this Court* allowed this copyright infringement claim to proceed is not proof that it isn't fair use (as the Court admitted in its own footnote in Dkt 36, Page 9), but it is proof that it is not "common sense" that the reaction streams are not a market substitute. In fact, in that same footnote, the Court also directly stated that ***it is not obvious*** that the reaction streams are fair use!

    iii.    Of course, given the defendant's track record up to this point, it seems likely that they already knew full well that this was a long shot, and simply relied on "common sense" because they knew full well they had nothing better.

    iv.    And again, let's not forget that, while the Court has already held that it is not obvious that the reaction streams are fair use.

4.    Given all of these actions and more, it seems highly likely that it is the Defendants, not me, who are attempting to cause delay in the case for its own sake, that they expect that the Motion to Dismiss will be denied, but they just want to use its pendency to buy themselves more time. After all, it is common knowledge among jurists that, generally speaking, the defense has the most to gain and the least to lose from delaying the case, but for the prosecution/plaintiff, it's usually the other way around.

### The public interest in judicial economy is served by this stay.

5.    And just to clarify: I am not asking for the Court to simply refuse to rule on the Motion to Dismiss. I'm only asking for the court to hold that motion in abeyance until all remaining defendants have either appeared in the case or have been entered in default. This is not a delay tactic; far from it, it merely seeks to have efficiency in the litigation.

6.    It's the same reason I asked to stay this entire case pending appeal. It's the same reason I asked, early on in the case's life, to stay the case pending the resolution of the Polano case. While it may result in delay, the delay itself is not the goal; judicial economy is.

7.    The Court granted such an extension in the Polano case. See Dkt. 50 and Dkt. 69 in that case. In both of those filings, the parties mutually agreed to put off the filing of any Answer or Motion to Dismiss until all the parties had either appeared in the case or been entered in default.

I remember Jason Mollick (at the time counsel for Alphabet and YouTube) explaining to me over the phone that this was standard procedure. That is all I ask for in this case. Nothing more, nothing less.

8.  If the Defendants wish to have the Motion to Dismiss ruled on as quickly as possible, then perhaps they can (A) reach out to the individual defendants, (B) get their written permission to be represented by the same lawyers as YouTube and Alphabet, and (C) file their own appearances, waiving service of process. In fact, this would be beneficial to the two remaining individual defendants as well, since it would enable them to keep their "John Doe" status until I win the case and it comes time for me to collect. However, this would require that YouTube's lawyers, at YouTube's expense, be required to litigate the § 512(f) misrepresentation claim, even if YouTube themselves will never pay out. And the lawyers would be ethics-bound to advocate for Bibi Faizi just as zealously as if Bibi Faizi was their client directly.

**The Court has already ruled in this case in such a way that I would be unfairly prejudiced if this stay is not granted.**

9.  The Court has denied my Motion for Issuance of Subpoena Duces Tecum. See Dkt. 64. One of the reasons given by the Court for denying the motion is "Plaintiff is not entitled to early discovery because he can proceed with this lawsuit in its absence. Because Plaintiff knows the identity of Defendant YouTube, he can conduct a Rule 26(f) discovery conference and proceed via traditional discovery." See id at Page 6.

10. The Court issued this ruling *after* I had filed my Motion for Stay, so it obviously knew the overlap between that order and this motion.

11. Therefore, granting this motion is the only way this Court can avoid unfairly prejudicing me with an inability to locate the individual defendants. The Court personally made it so himself.

**Conclusion**

12. Wherefore, premises considered, I respectfully pray that the Motion to Stay be granted. So requested on this, the 21st day of February, 2025.

> */s/ David Stebbins*
> David Stebbins (pro se)