LAURA HERNANDEZ, State Bar No. 344641
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: lhernandez@wsgr.com

JEREMY P. AUSTER (*admitted pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jauster@wsgr.com

*Counsel for Defendant YouTube, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID A. STEBBINS, | ) Case No.: 4:22-cv-00546-JSW |
| Plaintiff, | ) **ADMINISTRATIVE MOTION TO** |
| | ) **CONSIDER WHETHER CASES** |
| v. | ) **SHOULD BE RELATED** |
| ALPHABET INC. et al., | ) Judge: Hon. Jeffrey S. White |
| Defendants. | ) Action Filed: January 27, 2022 |

**ADMINISTRATIVE MOTION**

Pursuant to Civil Local Rule 3-12, Defendant YouTube, LLC ("YouTube") respectfully requests that the Court relate the present action to a new copyright infringement action filed in this District by Plaintiff David Stebbins against YouTube and a third-party YouTube user who uses the alias "Creetosis," *David Stebbins v. Doe et al.*, No. 3:25-cv-04499-LJC (filed May 23, 2025) (the "New Case").

**IDENTIFICATION OF RELATED CASES**

(1) Lowest-Numbered Case: *Stebbins v. Alphabet*, No. 4:22-cv-00546-JSW (filed Jan. 27, 2022); and

(2) New Case: *Stebbins v. Doe*, No. 3:25-cv-04499-LJC (filed May 23, 2025).[1]

**RELATIONSHIP OF THE ACTIONS**

Pro Se Plaintiff David Stebbins is a twice-declared vexatious litigant with a fifteen-year history of filing frivolous lawsuits and appeals across the country. Both the present action and the New Case are among a series of copyright infringement lawsuits that Stebbins has filed in the Northern District of California in recent years against his online critics. The New Case and the present action should be related because they involve the same Plaintiff, the same Defendants, and at least one of the same allegedly infringing videos, and implicate overlapping factual and legal issues. Stebbins admits as much at the very outset of his complaint in the New Case, where he identifies the present action as a "Related Case," admits that the two cases involve at least one of

---

[1] In August 2024, Stebbins sought to bring a copyright infringement action against YouTube and Creetosis. Judge Gilliam reviewed the complaint under the operative vexatious litigant order and directed the Clerk not to accept the complaint for filing. *See* 3:25-cv-04499-LJC, Dkt. 1. On appeal, the Ninth Circuit affirmed in part and reversed in part, remanding the case to proceed only on Stebbins' claims for copyright infringement regarding four videos (and affirming the dismissal of the only copyright claim actually alleged against YouTube). *Id.* On May 23, 2025, Judge Gilliam directed the clerk to open the New Case. *Id.*

the same alleged infringements, and incorporates by reference his allegations in this action. *Stebbins v. Doe*, No. 3:25-cv-04499-LJC, Dkt. 4 at 2.

Under Civil Local Rule 3-12(a), an action is related to another when (1) "The actions concern substantially the same parties, property, transaction, or event"; and (2) "It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both requirements are easily met here.

**The Actions Concern the Same Parties and Events.** In the present action, Stebbins' sole remaining copyright infringement claim alleges that Creetosis infringed Stebbins' copyright by copying portions of one of Stebbins' videos across two separate livestream reaction videos—Livestream #1 and Livestream #2—that Creetosis recorded and uploaded on YouTube. Dkt. 32 ("SAC"), ¶¶ 4, 171; Dkt. 58 at 3-6. In these reaction videos, Creetosis and the other hosts provide extensive commentary and criticism on Stebbins' video. *See* SAC ¶¶ 174-175. Stebbins seeks to hold YouTube vicariously liable for those alleged infringements. On February 5, 2025, YouTube filed a motion to dismiss, arguing that Creetosis' livestreams are a fair use of Stebbins' video and that Stebbins' infringement claim against YouTube is defeated by a license he granted YouTube. *See* Dkt. 58. YouTube's motion to dismiss is currently pending.

In the New Case, Stebbins again brings copyright infringement claims against Creetosis and YouTube, alleging that Creetosis infringed Stebbins' copyright in four videos by copying those videos in a series of livestream reaction videos that Creetosis recorded and uploaded on YouTube. *See Stebbins v. Doe*, No. 3:25-cv-04499-LJC, Dkt. 4 at 8-13. In these reaction videos, Creetosis reacts to and provides commentary on Stebbins' videos. *See id.* Importantly, one of Creetosis' allegedly infringing reaction videos is Livestream #1—the same reaction video at issue

in the present action.[2] *Compare* SAC ¶ 171 *with Stebbins v. Doe*, No. 3:25-cv-04499-LJC, Dkt. 4 ¶ 33 (identifying same URL for Livestream #1).

Thus, there can be no doubt that there is direct and substantial overlap between the two cases. They involve the same parties, the same types of claims (*i.e.*, copyright infringement claims concerning Creetosis' reaction videos), and even one of the same allegedly infringing reaction videos. For these reasons, the first factor of Local Rule 3-12(a) is easily met here.

**There Will Be Unduly Burdensome Duplication of Labor and Expense and Potentially Conflicting Results if the Cases Are Not Related.** Given the substantial overlap between the two cases, there would be both an undue duplication of labor and the potential for conflicting results if the cases are not related. There is no reason to expend duplicative judicial and party resources to litigate similar infringement claims amongst identical parties relating to common subject matter. Nor is there any reason to open the door to potentially conflicting results on these nearly identical claims, which both involve the same questions of fair use and licensing.

The risks of burdensome duplication and potentially conflicting results are only amplified by Stebbins' long history of vexatious and abusive litigation tactics, which has resulted in Stebbins being declared a vexatious litigant in this District—his second vexatious litigant determination. *Stebbins v. Google LLC*, 2023 WL 6139454, at *10 (N.D. Cal. Aug. 31, 2023). These risks are not hypothetical or speculative. Indeed, having already tried and failed in the present action to obtain issuance of a subpoena to YouTube compelling YouTube to provide information concerning the identity of Creetosis, *see* Dkt. 42 (motion for issuance of subpoena); Dkt. 64 (order denying motion), Stebbins has filed a copycat motion in the New Case seeking the same relief. *See Stebbins*

---

[2] As explained in YouTube's pending motion to dismiss, Livestream #1 is roughly eight hours long and contains footage from two of Stebbins' videos. Dkt. 58 at 10. The first 4.5 hours of Livestream #1 contains and discusses the video at issue in the New Case, while the remaining 3.5 hours contains and discusses the video at issue in the present action. *Id.*

*v. Doe*, No. 3:25-cv-04499-LJC, Dkt. 7. This is the very type of duplicative and iterative litigation that case relation is designed to prevent, and the second factor of Local Rule 3-12(a) is clearly satisfied.

## CONCLUSION

For the foregoing reasons, YouTube respectfully requests that the Court relate the present action to the New Case.

Dated: June 11, 2025                               Respectfully submitted,

                                                   WILSON SONSINI GOODRICH & ROSATI
                                                   Professional Corporation


                                                   s/ *Jeremy P. Auster*
                                                   Jeremy P. Auster (*admitted pro hac vice*)
                                                   1301 Avenue of the Americas, 40th Floor
                                                   New York, New York 10019
                                                   Telephone: (212) 999-5800
                                                   Facsimile: (866) 974-7329
                                                   E-mail: jauster@wsgr.com

                                                   Laura Hernandez, State Bar No. 344641
                                                   One Market Plaza, Spear Tower, Suite 3300
                                                   San Francisco, CA 94105
                                                   Telephone: (415) 947-2000
                                                   Facsimile: (866) 974-7329
                                                   E-mail: lhernandez@wsgr.com

                                                   *Counsel for Defendant YouTube, LLC*