David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                         acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                              PLAINTIFF

VS.                      Case 3:22-cv-00546-JSW

ALPHABET INC, ET AL                                          DEFENDANTS

### RESPONSE TO DKT. 77, ORDER TO SHOW CAUSE

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Response to the Court's Order to Show Cause (Dkt. 77) as to why the claim for § 512(f) misrepresentation should not be dismissed for failure to serve process on the defendant.

**It is the Defendant's and the Court's fault why I haven't served process yet, not mine.**

1. When the Court previously denied my motion for subpoena, it held in part that "[b]ecause Plaintiff knows the identity of Defendant YouTube, he can conduct a Rule 26(f) discovery conference and proceed via traditional discovery." See Dkt. 64, Page 6, Lines 20-22.

2. At that point, because the Court has already provided me with a means of obtaining the individual defendants' identities, I was under the impression that this is what I must use.

3. However, YouTube put a pause on this case when it filed its patently frivolous Motion to Dismiss (Dkt. 58). This had the effect of automatically staying proceedings.

4. This motion is patently frivolous for a lot of reasons, but one of the biggest ones is the fact that they insist that the underlying reaction video is not a market substitute solely by dint of the Defendant's personal fiat. They *claim* that "it would defy reality" to assume that these streams are a market substitute, but they don't *prove* it. They offer no evidence, arguments, or even any actual *facts* to support their contention. Their entire case for the fourth factor of fair use begins and ends with "because we say so."

5. This alone renders their entire motion patently frivolous because, if they cannot prove a lack of market substitute, the test for fair use fails just on that alone. See Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 US 539, 568 (1985) ("to negate fair use one need

only show that if the challenged use should become widespread, it would adversely affect the *potential* market for the copyrighted work. If the defendant's work adversely affects the value of any of the rights in the copyrighted work,... the use is not fair") (emphasis in original, citations and quotations omitted).

6.    That was filed on February 2, 2025. Then, the Court turned around and continued indefinitely the case management conference (Dkt. 66), which in turn delayed indefinitely my ability to conduct limited discovery with YouTube to uncover the identities of the original defendants.

7.    When the Defendants were about to file their motion to dismiss, I asked that, as a condition of me agreeing to the continuance, the motion to dismiss should be held in abeyance until I was able to serve process on the individual defendants. They refused that very reasonable condition. See **Exhibit A**. Of course, the Court still issued the stay, thereby depriving me of my ability to serve the individual defendants with process, and now it's threatening to throw the case out because I haven't served the individual defendants with process yet because it stripped me of my only means of doing so!

8.    So let me get this straight: Even when the Court limits me to only one avenue, and even when it then takes away that one avenue, it's still my responsibility to do the impossible and serve the individual defendants with process?! Is that what the Court is saying?!

9.    So ultimately, the main reason why the Court should not dismiss the action is because... it has placed objectively unreasonable restrictions on me, so it should not be allowed to punish me for its own conduct.

**It honestly feels like this Court is intentionally setting me up to fail.**

10.    In addition to all of the arguments made above, it also seems inconceivable, from my point of view, that the Court wasn't already aware of all of this. At a minimum, YouTube was already aware of the predicament they were putting me into, seeing as I literally *told them* about this problem in Exhibit A.

11.    But even the Court honestly should have known the problems it was causing me when (A) it limited me to only one avenue to obtain the individual defendants' identities, and (B) then

proceeded to take away even that one avenue.

12.     This Court has already admitted on record to personally disliking me in retaliation for exercising my legal rights. This is only the latest in a series of adverse rulings that are motivated far more by its personal dislike towards me than any actual concern for the Rule of Law.

13.     Think about it this way: How could the Court possibly not have noticed that it was putting me in an impossible situation when it stayed the discovery, just four days after it restricted me to discovery with YouTube as the exclusive means to obtain the individual defendants' identities? The only explanation that makes any sense is that the Court knew what it was doing and purposefully set out to inflict that prejudice on me.

14.     Another major reason why this Court's actions feel malicious is the fact that it has spent over five months allowing a patently frivolous motion to dismiss to remain on the docket for a whopping five months, even though it shouldn't have taken five days to resolve. Even if the Court may be on the fence about the degree to which Creetosis's original commentary may qualify as "genuinely transformative" as opposed to "unrelated" or "redundant," and even if it may take a while for the Court to systematically go through every single sentence in the multi-hour-long stream to conduct that required analysis, it still would have to deny the motion to dismiss just on one factor alone: As explained above, it's still a market substitute.

15.     Again, the Defendants insist that it's not a market substitute solely because they say so. They haven't even *attempted* to provide any greater evidence beyond that. But their fiat is not evidence. And as I explained above, until they can prove that it's not a market substitute, that alone defeats fair use to the exclusion of all other factors.

16.     Therefore, it should only have taken the Court a few short days to realize that (A) it's not proven that the streams are not a market substitute, (B) until that is proven, that alone defeats fair use, and (C) therefore, there is no need to consider the other three factors, since all three of them combined still would not cause it to be fair use as long as the fourth factor still needs to be litigated. That should not have taken the Court five days, let alone five months. In fact, I'd be disappointed if it took five *hours* for the Court to connect those three dots.

17.     If the Court had done what it should have done all alone, and denied the motion to

dismiss quickly, then the corporate defendants would have no excuse to put off conducting discovery with me any longer, so there would have been nothing stopping me from obtaining the identities of the individual defendants.

18. Instead, the Court chose to sit on its hands, and allow this patently frivolous, easily denied motion to dismiss to linger on the docket for an astronomical amount of time, far more than is actually necessary to actually dispose of the motion.

19. So that begs the question: Why exactly is the Court taking so long on such a simple matter? Is it because it isn't convinced that that YouTube's arbitrary declaration is insufficient to prove a fact to such an extent that it can be disposed of on a motion to dismiss? Is it because the Court is not convinced that Harper & Row, supra compels it to find a lack of fair use if it cannot find a lack of market substitute, and if not, why not? Alternatively, does the Court still feel compelled to consider the other three factors, including conducting the extremely tedious task of separating the unrelated and redundant criticism from the truly transformative criticism, a task whose tedium I previously likened to that of picking individual grains of rice out of a swimming pool? If so, why does it still feel like it needs to do that?

20. Or, alternatively, was the Court intentionally and maliciously playing the long game, and letting this discovery-stopping motion sit on its docket far longer than it ever should have, just to let its discovery-stopping effect drag on for as long as possible, so that it could then turn around and give me the very ultimatum I am now faced with, so that it could have an excuse to dismiss the case, not for lack of merit, but on a technicality the Court itself created? That's certainly what it feels like.

21. The Court has scheduled a hearing on this matter for September 12, 2025. Maybe the Court will try to save face, but I certainly don't expect the Court to admit to being so biased against me, and I certainly don't expect an apology.

## Conclusion

22. Wherefore, premises considered, I respectfully pray that the claims not be dismissed, but instead that the motion to dismiss be denied, that the Court give the Defendants an unequivocal order to cooperate in discovery with me so I can obtain the identities of the individual defendants

and serve them with process.

So requested on this, the 19th day of July, 2025.

*/s/ David Stebbins*
David Stebbins
