UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>    Defendants. | Case No. 22-cv-00546-JSW<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 80 |

    Now before the Court is Plaintiff David A. Stebbins' motion for leave to file a motion for reconsideration. Stebbins contends the Court erred by overlooking certain arguments made by Stebbins in opposition to Defendant YouTube LLC's motion to dismiss the Second Amended Complaint. The Court DENIES Stebbins' motion for the following reasons:

    Under Civil Local Rule 7-9, a motion for reconsideration may be made on one of three grounds: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order; or (3) [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b). Motions for leave to file a motion for reconsideration must not "repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order" at issue. Civ. L.R. 7-9(c). Here, Stebbins argues that the Court failed to consider his arguments and misapplied fair use law.

    The Court did not overlook Stebbins' arguments. Stebbins first complains that the Court ignored his "objectively good reason" to walk back his prior concession that Creetosis's Livestreams were transformative. (Dkt. No. 80, Mot., ¶ 1(a).) The Court held that Stebbins could

1  not undo his prior admission, but that the admission was not necessary to the Court's analysis
2  "because the transformative nature of the works is evident in the Livestreams themselves." (Dkt.
3  No. 75, Order Granting Mot. to Dismiss, at 7:12-13.) Stebbins also complains that the Court
4  failed to address his unsupported argument that the Court should disregard the lion's share of the
5  Livestreams because Stebbins considers Creetosis's commentary to be redundant. As set forth in
6  its Order, the Court reviewed the Livestreams in their entirety and found the works to be
7  transformative. (*Id.* at 7-8.)

8  Stebbins further complains that the Court erred by not addressing "publication" under
9  Circular 66, published by the United States Copyright Office to provide "an overview of
10 registering website content with the Copyright Office," and instead following *Perfect 10, Inc. v.*
11 *Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007). Published decisions of the Ninth Circuit are
12 binding on this Court, and the Court does not err by following them. As the Court explained in its
13 Order, it found that *Perfect 10* suggests the Retrospective was published, and it found the analysis
14 of a similar work in *Brunson v. Cook*, No. 3:20-cv-01056, 2023 WL 2668498 (M.D. Tenn. Mar.
15 28, 2023) to be particularly compelling. The Court did not overlook this issue.

16 Stebbins next contends that the Court failed to consider his argument that the fourth "fair
17 use" factor must weigh in his favor because Creetosis copied all or substantially all of his
18 Retrospective. The Court engaged with this issue in its Order. Stebbins claims that *Hustler*
19 *Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1154 (9th Cir. 1986) compels the Court to
20 find the Livestreams were market substitutes and identic in function. Not so. The Court held,
21 after reviewing the Livestreams, that the purpose of the videos differs and that the Livestreams do
22 not serve as a market substitute for the Retrospective. *Hustler* does not mandate a different result.
23 Indeed, the *Hustler* court recognized that "the copying of an entire work does not preclude fair use
24 *per se*." 796 F.2d 1148, 1155 (citing *Sony Corp. of Am. v. Univ. City Studios, Inc.*, 464 U.S. 417,
25 450 (1984)). While copying all or nearly all of an original work may generally militate against
26 fair use, the Court found that it does not do so here.

27 The remainder of Stebbins' arguments are disagreements with the Court's findings. (*See*
28 Mot. at 2-5 (arguing that Court should have found Livestreams' copying of Retrospective was

2

excessive and precludes fair use).)  Disagreement is not a basis for reconsideration.  *Murphy v. United States Postal Serv.*, No. 14-cv-02156-SI, 2015 WL 216601, at *1 (N.D. Cal. Jan. 14, 2015); *Dennis v. Ayers*, No. 5:98-cv-21027-JF, 2008 WL 1989304, at *1 (N.D. Cal. May 6, 2008).

Accordingly, the Court denies Stebbins' motion for leave to file a motion for reconsideration.  As set forth in Dkt. No. 83, within 10 days of this Order, Stebbins shall file either (i) proof of service on; or (ii) a renewed motion for subpoena duces tecum for Defendant John Doe #4 d/b/a Bibi Faizi.

**IT IS SO ORDERED.**

Dated: July 31, 2025

_____
JEFFREY S. WHITE
United States District Judge