David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947              acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                               PLAINTIFF

VS.                     Case 3:22-cv-00546-JSW

ALPHABET INC, ET AL                            DEFENDANTS

## MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS PENDING APPEAL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Leave to File Interlocutory Appeal and for a stay of proceedings pending the interlocutory appeal.

1. Specifically, I request leave to appeal the District Court's decision finding fair use of Creetosis's livestreams. See Dkt. 75.

2. With Bibi Faizi being the only remaining defendant, there is a possibility that, once his legal name and address are revealed, the case may end up getting transferred to another district, at which point, all final appeals would be sent to the court of appeals for that circuit. However, it is imperative to justice that the Court's orders, up to this point, be appealed to the Ninth Circuit.

3. The best way to prevent this type of prejudice is to allow me to take my appeal now, before we learn of Bibi Faizi's legal name and address.

4. A discretionary interlocutory appeal, as outlined in 28 U.S.C. § 1292(b), is allowed when (A) a district court certifies that an order involves a controlling question of law (B) where there's substantial ground for difference of opinion, and (C) an immediate appeal may materially advance the litigation's conclusion.

5. The Court has certainly issued a decision involving a controlling question of law. Therefore, the first element is satisfied.

6. There is undoubtedly grounds for difference in opinion, as evidenced by the Court's finding that "the remainder of Stebbins' arguments are disagreements with the Court's findings...

Disagreement is not a basis for reconsideration."

7.  Barring that, there are multiple instances in the Court's recent order where it telegraphed that there are substantial grounds for difference in opinion, including but not limited to...

   (a)  It says that it found the livestreams to be transformative. However, "but that too is a matter of degree." See Andy Warhol Foundation Visual Arts v. Goldsmith, 598 US 508, 1262 (2023). So there is ample grounds for difference in opinion as to whether Creetosis's livestreams are transformative enough that the entire first factor should weigh heavily in favor of fair use, especially after removing the redundant and unrelated material, which the Court *claims* it did not ignore but fails to address.

   (b)  The Court cited Hustler v. Moral for the position that "the copying of an entire work does not preclude fair use per se." However, it conveniently ignores the *very next statement* in that case law: "However, 'a subsequent user does not require such complete copying if he is truly pursuing a different functional mileau.'" See id.

   (c)  The Court's declaration that the streams are not a market substitute is entirely arbitrary. It doesn't appear to be based off of literally anyting, other than the Court's personal determination. At a minimum, this should not have been decided on a motion to dismiss, where the plaintiff is to be given every conceivable benefit of the doubt regarding factual allegations.

8.  Therefore, the second element is handily satisfied.

9.  The third element is satisfied because there is a related case – Case 3:25-cv-04499-JSW – which involves the same two defendants (YouTube and Creetosis) and involves secondary uses whose case for fair use is nearly identical in merit to the instant case. YouTube is almost certain to file a motion to dismiss in that case too, and is certain to cite to this case as authority in its favor. If we have the appeal on this issue right now, and stay both cases pending resolution of that appeal, it would significantly reduce the litigation costs of the related case.

## Conclusion

10. Wherefore, premises considered, I respectfully pray that the Court grant me leave to immediately appeal its order in Dkt. 75, and to stay proceedings in both this case and the related

one until said appeal is disposed of.

So requested on this, the 31st day of July, 2025.

/s/ David Stebbins
David Stebbins