UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>    Defendants. | Case No. 22-cv-00546-JSW<br><br>**ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 85 |

Now before the Court is Plaintiff David Stebbins's motion for leave to file interlocutory appeal and for stay of proceedings pending appeal. Defendants did not file an opposition to the motion, and Stebbins did not file a reply. The Court has considered Stebbins's papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court DENIES the motion.

**BACKGROUND**

Stebbins posts content on YouTube and Twitch under the pseudonym "Acerthorn." Defendant John Doe No. 1, d/b/a Creetosis, is a YouTube streamer who, over the course of two YouTube livestreams, aired and reacted to one of Stebbins's YouTube videos. Stebbins sued Creetosis and YouTube for copyright infringement. Stebbins also sued John Doe No. 4, d/b/a Bibi Faizi, for misrepresentation under the Digital Millenium Copyright Act ("DMCA") after Bibi Faizi allegedly filed false takedown notifications for Stebbins's content.[1]

YouTube moved to dismiss, arguing that Creetosis's reaction livestreams were fair use.

---

[1] Stebbins brought additional claims against Creetosis and other John Doe defendants which the Court dismissed in its screening order. (Dkt. No. 36.)

(Dkt. No. 58.) In connection with its motion, YouTube provided copies of the allegedly infringing and infringed videos. The Court held that the videos were incorporated by reference into the Second Amended Complaint, and thus appropriate for consideration at the motion to dismiss stage. (Dkt. No. 75, Order Granting Def. YouTube LLC's Mot. to Dismiss, at 4.) After reviewing the videos, the Court determined the reaction livestreams were fair use. (*Id.* at 5.) The Court thus dismissed the claims against YouTube and Creetosis. (*Id.* at 13.)

The dismissal order had no impact upon the claim against Bibi Faizi.

Stebbins filed a motion for leave to file a motion for reconsideration. (Dkt. No. 80.) After the Court denied the motion for leave to file a motion for reconsideration, (Dkt. No. 84), Stebbins filed the instant motion seeking interlocutory appeal. Because the claim against Bibi Faizi remains pending, Stebbins must otherwise wait to appeal the order of dismissal against Creetosis and YouTube until the claim against Bibi Faizi is resolved.

In his motion, Stebbins argue that immediate appeal is "imperative to justice." (Dkt. No. 85, Mot., ¶ 2.) He argues that he may be prejudiced in the event the Court lacks jurisdiction over Bibi Faizi and the matter is transferred to another district. (*Id.* ¶¶ 2-3.)

**ANALYSIS**

Under 18 U.S.C. section 1292(b), the Court has discretion to certify an order for interlocutory appeal when (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) such that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 18 U.S.C. § 1292(b). These prerequisites for interlocutory appeal are jurisdictional, meaning the Ninth Circuit cannot accept a certification for interlocutory appeal even if an interlocutory appeal would serve "the interests of comity" or potentially save significant party and judicial resources. *Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010). Certification for interlocutory appeal is granted only in "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

The Section 1292(b) requirements are not met here, because there is no substantial ground for difference of opinion.

1  "The 'substantial grounds' prong is satisfied when 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions.'" *ICTSI Oregon, Inc.*, 22 F.4th at 1130 (quoting *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point..., or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Id.* at 634 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).

As proof of substantial grounds for difference of opinion, Stebbins first points to his own disagreement with the Court's order. (Mot., ¶ 6.) This argument is meritless, because "a party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Couch*, 611 F.3d at 633.

Stebbins next argues that the Court previously "telegraphed" substantial grounds for difference of opinion by: (1) noting that whether a work is transformative is a question of degree; (2) not applying *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148 (9th Cir. 1986) in the manner desired by Stebbins; and (3) finding that Creetosis's streams are not a market substitute at the motion to dismiss stage. (Mot., ¶ 7.) These are not signals by the Court of grounds for disagreement. Instead, they are merely grounds on which Stebbins personally disagrees.

Stebbins does not identify any case law which conflicts with the Court's ruling. (*See generally*, *id.*) Nor does he point to any courts which have applied fair use principles to similar reaction videos and reached a different outcome. *See Couch*, 611 F.3d at 633 (noting that defendants' failure to "provide[] a single case that conflicts with the district court's construction or application of [statute]" was "significant"). The sole basis for his contention that substantial grounds exist is his own view, which is insufficient.

Because the dismissal order does not present a legal question on which there is substantial

3

ground for difference of opinion, the order is not appropriate for certification for interlocutory review.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: August 26, 2025

_____
JEFFREY S. WHITE
United States District Judge