UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No. 22-cv-00546-JSW<br><br>**ORDER DENYING MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM**<br><br>Re: Dkt. No. 89 |

Now before the Court is Plaintiff David Stebbins' renewed motion for issuance of a subpoena duces tecum to identify Defendant John Doe #4, d/b/a Bibi Faizi. Stebbins moves pursuant to 17 U.S.C. section 512(h).

On February 10, 2025, the Court denied Stebbins' initial motion for issuance of a subpoena duces tecum. (Dkt. No. 64.) The Court explained that, to obtain early discovery, Stebbins must first satisfy the factors set forth in *Columbia Insurance Company v. seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 2009). He must:

> (1) establish jurisdictional facts, including that the defendant is a real person who could be sued in federal court; (2) demonstrate a good faith effort to identify the defendant prior to seeking the subpoena; (3) establish that the complaint could withstand a motion to dismiss; and (4) provide sufficient facts to the Court to show a "reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible."

(*Id.* at 3 (quoting *Columbia Ins. Co.*, 185 F.R.D. at 578-80).)

The Court found that Stebbins did not establish good cause for early discovery. It held, (1) "Plaintiff alleges no jurisdictional facts whatsoever regarding Bibi Faizi,"; and (2) "Plaintiff does not claim to have made any effort at all to locate Bibi Faizi." (*Id.* at 4, 6.)

Stebbins' renewed motion does not address those shortcomings. Instead, Stebbins seeks a

subpoena under 17 U.S.C. section 512(h).  17 U.S.C. section 512(h) does not negate the jurisdictional requirements for discovery.  *See Cordova v. 1 Doe*, No. 25-CV-05207-DMR, 2025 WL 2262999, at *2 (N.D. Cal. July 11, 2025) (finding that "regular jurisdictional requirements of an application for early discovery" apply to copyright cases despite Section 512(h)).  As the *Cordova* court explains, "[a] section 512(h) subpoena is 'its own civil case' where the sole issue is whether the subpoena should be enforced or not."[1]  *Id.* (quoting *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020)); *see also In re Subpoena of Internet Subscribers of Cox Commc'ns, LLC*, -- F.4th --, 2025 WL 2371947, at *1 (9th Cir. Aug. 15, 2025) (explaining that outside of the DMCA expedited subpoena process, "a copyright holder seeking to learn the identity of infringers sharing copyright-protected content on the Internet would have to file an infringement action against individual users suspected of infringement, naming each as a John Doe defendant, and move the court for leave to conduct early discovery.").

Accordingly, the Court DENIES the motion.  Stebbins may file a renewed motion for issuance of a subpoena duces tecum which addresses the *Columbia* factors.  Alternatively, Stebbins may move the Court for a stay pending resolution of a separate action under Section 512(h).

Failure to do so by **September 17, 2025** may result in an order to show cause why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

Dated: September 3, 2025

JEFFREY S. WHITE
United States District Judge

---

[1] To the extent that the Court's ruling denying Stebbins' Section 512(h) motion in the related case, *Stebbins v. Doe et al.*, No. 25-cv-04499-JSW, Dkt. No. 17, implied that Section 512(h) is a proper tool for early discovery, that ruling was in error.