David Stebbins (pro se Plaintiff)  123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947  acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,  PLAINTIFF

VS.  Case 3:22-cv-00546-JSW

ALPHABET INC, ET AL  DEFENDANTS

### THIRD MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Third Motion for Issuance of Subpoena Duces Tecum in the above-styled action.

1. I seek to subpoena YouTube to disclose the legal name and address of Bibi Faizi, who issued multiple DMCA Takedowns against me.

2. The contents of Dkt. 42 are hereby incorporated by reference.

3. There are four elements which must be established before early discovery can commence: (1) establish jurisdictional facts, including that the defendant is a real person who could be sued in federal court; (2) demonstrate a good faith effort to identify the defendant prior to seeking the subpoena; (3) establish that the complaint could withstand a motion to dismiss; and (4) provide sufficient facts to the Court to show a "reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible."

4. The third factor is satisfied because this Court has already allowed this claim to proceed under a § 1915(e) review.

5. The fourth factor is met because, when Bibi Faizi entered the fraudulent DMCA Takedowns, he was required under 17 USC § 512 to provide YouTube with his legal name and address.

### Reasonable effort to locate Bibi Faizi of my own accord.

6. First, as the Court is aware, I have petitioned for a subpoena under 17 USC § 512(h) to no avail. See Dkt. 95.

7. Barring that, I attempted to use both BeenVerified and Spokeo (websites that are used to

locate people when all you know is a single trait, such as a phone number or, in this case, an email address) to find the owner of the email address nftmofo@gmail.com (the only piece of data I have to go on). Neither of those searches yielded any results. See **Exhibit A** and **Exhibit B**.

8.     I therefore feel I have made reasonable efforts to locate Bibi Faizi of my own accord. The law does not require that I exhaust every conceivable avenue available to me, just that I make "reasonable" efforts, and I have done that.

### A real person capable of being sued in federal court.

9.     Bibi Faizi is almost certainly a real person. YouTube, to my knowledge, does not even allow for their DMCA Takedown form to be automated. The defendant had to use the webform, because using any other form to issue a DMCA Takedown would have required he give his actual, legal name. The webform is the only way, to my knowledge, to issue a DMCA Takedown on YouTube using an alias.

10.    Moreover, to issue a DMCA Takedown in using any form (not just YouTube's personal webform), a legal name and address must be provided, even if it is not disclosed to the respondent. This necessarily means that, even if Bibi Faizi had used automated bots to issue the DMCA Takedown, he still *authorized* those bots to issue the takedowns in his name, making him liable all the same.

11.    Even barring all of that, lest we forget the circumstances in which these takedowns were made. As I explained in the Second Amended Complaint, they occurred one day after SidAlpha's smear video about me, meaning they were, in all likelihood, done in order to extrajudicially punish me for my perceived DMCA abuse by giving me a taste of (what he considered to be) my own medicine. Therefore, it was almost certainly not a bot, but a calculated act of vigilante justice.

12.    Therefore, Bibi Faizi is certainly a real person.

13.    As to the other element, interestingly enough, the Court didn't say that I must show that he can be sued *in this district*, just that he can be sued *in federal court*. He almost certainly can be sued *in federal court*. The only way he wouldn't be able to be sued in federal court is if he happens to be a citizen of one of a minority of countries that (A) isn't a signatory to the Hague

Convention on International Service of Process and (B) also isn't a party to any other treaty with the United States that that permits international service of process via letters rogatory. The odds that Bibi Faizi is from one of those countries is infinitesimal, as they amount to a fraction of the world's total population, and the odds that he's one of them are made even smaller considering the people in those countries who can afford Internet access regularly is probably just as small in those countries as those countries' populations are to the rest of the world.

14. Barring that, if the Court insists that I demonstrate that Bibi Faizi can be sued *in this district*, rather than simply in federal court, Bibi Faizi has nevertheless triggered minimum contacts simply by dint of issuing the DMCA Takedowns. In doing so, he deliberately targeted YouTube – a California-based entity – and therefore knew or should have known that the DMCA Takedowns would be processed in California. This satisfies the "purposeful availment" requirement to establish minimum contacts.

15. In the unpublished case of Good Job Games v. Saygames LLC[1], the Ninth Circuit Court of Appeals held that the mere act of publishing a video game on the website of a California-based company (in this case, the Google Play Store) was enough to, at a minimum, warrant jurisdictional discovery. Once the case was remanded back to the District Court, even when both litigants were outside the United States, let alone the Northern District of California.

16. Here, Bibi Faizi did a lot more than simply publish something on the Google Play Store. As the District Court in that case explained, "it is more accurate to say that [defendant] utilized Apple and Google because they arguably have a virtual monopoly on the channels in which developers can distribute application-based software." See Good Job Games v. Saygames, LLC, 458 F. Supp. 3d 1202, 1207 (N.D. Cal. 2020). And despite that logic, the Ninth Circuit *still* held there was enough of a case for jurisdiction that it was improper for the District Court to throw the case out before discovery.

17. Here, Bibi Faizi targeted YouTube – a California-based company – not because it had a "virtual monopoly" for what he wanted to publish, but because he was seeking to extrajudicially punish me personally. There was a specific reason for Bibi Faizi to utilize YouTube's DMCA

---

1 Which you can read here: https://law.justia.com/cases/federal/appellate-courts/ca9/20-16123/20-16123-2021-12-10.html

system for his behavior as opposed to the DMCA systems of literally any other company or website. This is much more of a tangible act of purposeful availment than what Saygames did, and so if the Ninth Circuit believes that was good enough to create minimum contacts – if only for purposes of jurisdictional discovery – then it should be sufficient here too, again if only for purposes of jurisdictional discovery.

18.     Therefore, the final element for early discover – arguable jurisdiction – has been met. Therefore, there is no reason why this subpoena should not issue.

## Conclusion

19.     Wherefore, premises considered, I respectfully pray that the Motion for Issuance of Subpoena be granted.

So requested on this, the 20th day of October, 2025.

*/s/ David Stebbins*
David Stebbins