United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID A. STEBBINS,

Plaintiff,

v.

ALPHABET INC., et al.,

Defendants.

Case No. 22-cv-00546-JSW

**ORDER GRANTING MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM AND DENYING MOTION TO STAY**

Re: Dkt. Nos. 96, 100

Now before the Court is Plaintiff David A. Stebbins' motion for issuance of subpoena duces tecum. For the following reasons, the Court GRANTS the motion.[1]

**BACKGROUND**

Plaintiff is a pro se litigant proceeding in forma pauperis. (*See* Dkt. No. 8.) Plaintiff brings claims for copyright infringement and violations of the Digital Millenium Copyright Act ("DMCA") against Defendants Alphabet Inc., YouTube LLC, John Doe #1 d/b/a "Creetosis," and John Doe #4 d/b/a "Bibi Faizi." (*See* Dkt. No. 36, Screening Order.) The corporate defendants have been terminated. Creetosis and Bibi Faizi are known to Plaintiff only by their online names.

Plaintiff contends that Bibi Faizi must be a real person because Bibi Faizi issued DMCA takedown notifications. (Dkt. No. 100, Motion at ¶ 9.) Plaintiff asserts that, in order to issue a DMCA takedown, a webform with a legal name and address must be provided. (*Id.* at ¶ 10.)

Plaintiff now moves for the third time, for an order allowing Plaintiff to serve a subpoena duces tecum on YouTube LLC for the identity of Bibi Faizi. Plaintiff seeks to require YouTube to

[1] Plaintiff's motion to stay this case pending the outcome in a miscellaneous matter (25-mc-80278-SK) is DENIED as moot.

produce, via email or electronic filing, Bibi Faizi's legal name and address. (*Id.* at ¶ 1.)

## ANALYSIS

### A. Applicable Legal Standards.

Federal Rule of Civil Procedure 45 may be used to compel any person to, "at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery permitted under Rule 45 is coextensive with the scope of discovery permitted under Rule 26. *In re Reddit, Inc.*, No. 24-MC-80005-TSH, 2024 WL 477519, at *1 (N.D. Cal. Feb. 7, 2024).

Ordinarily, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1). When a plaintiff has no way of knowing the identity of a John Doe defendant, upon a showing of good cause, courts will give the plaintiff "an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

In this context, "the court must balance the need to provide injured parties with a forum in which they may seek redress for grievances against the legitimate and valuable right to participate in online forums anonymously or pseudonymously without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Patrick Collins, Inc. v. John Does 1 through 37*, No. 2:12-CV-1259-JAM-EFB, 2012 WL 2872832, at *3 (E.D. Cal. July 11, 2012) (internal marks omitted) (quoting *Hard Drive Prods., Inc. v. Does 1-130*, No. C-11-3826 DMR, 2011 WL 5573960, at *1 (N.D. Cal. Nov. 16, 2011)).

Courts in this district have adopted the factors enumerated in *Columbia Insurance Company v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 2009) to guide the balancing test. The

United States District Court
Northern District of California

party seeking early discovery to determine the identity of John Doe defendants must (1) establish jurisdictional facts, including that the defendant is a real person who could be sued in federal court; (2) demonstrate a good faith effort to identify the defendant prior to seeking the subpoena; (3) establish that the complaint could withstand a motion to dismiss; and (4) provide sufficient facts to the Court to show a "reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 578-80. The Court evaluates these factors "in light of all the surrounding circumstances." *Semitool*, 208 F.R.D. at 275 (cleaned up).

**B. Plaintiff's Motion Satisfies the Factors.**

Plaintiff makes a persuasive argument that Bibi Faizi is a real person who can be sued in federal court. Plaintiff contends that YouTube does not allow their DCMA takedown form to be automated and requires the user to give his actual legal name and address. (*See* Motion at ¶¶ 9, 10.) Secondly, Plaintiff submits his unsuccessful but good faith searches for the identity of the defendant in his motion. (*Id*. at Exs. A, B.) Third, Plaintiff's complaint has been screened and at least preliminarily satisfies the factor that it could survive a motion to dismiss. Lastly, Plaintiff, in his third attempt to seek the Court's issuance of a subpoena, has provided sufficient facts to show a reasonable likelihood that the discovery process will lead to the identity of the defendant and allow service of process to be possible.

Accordingly, the Court GRANTS Plaintiff's motion for the issuance of a subpoena duces tecum on YouTube LLC for the identifying information of Bibi Faizi. By no later than September 4, 2026, Plaintiff must submit a proposed Rule 45 subpoena commanding YouTube LLC to provide Plaintiff with the legal name and address of Defendant Bibi Faizi. Once it is approved as to form and content, the Court will issue the subpoena duces tecum for service on YouTube LLC.

**IT IS SO ORDERED.**

Dated: August 18, 2026

JEFFREY S. WHITE
United States District Judge